ALBANY,
August, 1822.

ROOSEVELT
v.
KELLOGG.

ROOSEVELT *against* KELLOGG.

In a plea of *ASSUMPSIT* for goods sold and delivered, &c. The
a discharge under the insolvent act, it is declaration contained the common counts. The defendant
sufficient, after stating enough to give pleaded, 1. *Non assumpsit;* 2. *Non assumpsit infra sex*
jurisdiction to *annos;* 3. His discharge under the act for giving re-
the Judge or lief in cases of insolvency, passed *April* 12, 1813; in
officer granting which plea the defendant alleged, that he, the defendant,
the discharge, on the 6th of *January*, 1817, being an insolvent debtor,
to say, that within the intent and meaning of the act; and being a *resi-*
such proceed-
ings were *dent* of the city of *Hudson*, in the county of *Columbia*, in
thereupon had, conjunction with so many of his creditors, residing within
&c. that the
Judge, or offi- the *United States*, as had debts *bona fide* owing to them, by
cer granted the the defendant, amounting, at least, to two-thirds of all the
discharge, and setting forth moneys owing by the defendant, &c. did present a petition
the same, *ver-* to the Recorder of the city of *Hudson*, in the words and
*batim.*
If the plea figures following, setting forth the petition, *verbatim:* and
states, that the
insolvent was that such proceedings were thereupon had, agreeably to the
a *resident* of said act, that the said Recorder of the city of *Hudson*, did,
the county in
which the ap- on the 14th of *April*, 1817, discharge the defendant, by
plication was
made, by the writing, under his hand and seal, in the words and figures
insolvent, it is following; setting forth the certificate of discharge, *verba-*
tantamount to
saying, that he *tim*. The defendant then averred, that the promises and
was an *inha-*
bitant of that undertakings mentioned in the declaration, were made after
place.
If the plea the passing of the said act, to wit, on the 7th of *October*,
states, that
the Judge was 1814; and that, at the time of making the said promises,
satisfied that both the plaintiff and defendant were citizens of the state of
the insolvent
had. conform- *New-York*, and residing within the jurisdiction of this
ed, in all
things required Court, &c. And that the plaintiff was one of the creditors
of him by the
act, before the
assignment
was directed, that is sufficient, without alleging particularly that an advertisement was pub-
lished, requiring all his creditors to show cause, &c.
If the certificate of assignment states, that the insolvent had assigned " all his estate, both
in law and in equity, in possession, reversion, and remainder," it is sufficient.
If the certificate of discharge does not except *foreign* creditors, it does not affect the validi-
ty, or effect of the discharge, as against creditors within the *United States.*
Where the insolvent act was in force when the contract was made, the discharge under it
exonerates both the person and estate of the insolvent.
An act, in *amendment* of the insolvent act of *April*, 1813, passed subsequent to the Judge's
order for publication, but prior to the debtor's assignment, does not affect the proceedings; but
applies only to cases in which the application for relief is made after the passing of such
amendatory act.

who joined in the petition, and subscribed and presented the same according to the act, &c. And that the causes of action, set forth in the plaintiff's declaration, arose and existed, and the promises, mentioned in the declaration, were made by the defendant, previous to presenting the said petition to the Recorder, &c.

To the *third* plea, the plaintiff demurred specially, and assigned the following causes of demurrer : 1. Because it does not appear by the said plea, that any advertisement, requiring the creditors of the defendant to show cause, if any they had, why an assignment of the said defendant's estate should not be made, and he be discharged, was ever published, or put up, as required by the said act.

2. Because it appears by the said plea, that the certificate executed by the assignee of the defendant, only stated, that the defendant had " made an assignment of all his estate, both in law and in equity, in possession, reversion and remainder ;" whereas the said act requires, that before granting the insolvent's discharge, there shall be produced to the Chancellor, or other officer granting the same, a certificate of the assignee, " that such insolvent has granted, conveyed, assigned, and delivered, for the use of his creditors, all his estate, and all the *books, vouchers, and securities, relating to the same.*"

3. Because the discharge set forth in the said plea does not, as required by the said act, except debts due, or owing to creditors without the *United States*, who did not petition for the insolvent's discharge, or should not come in and accept a dividend, &c.

4. Because the said discharge ought to have been pleaded, (if pleaded at all,) as a discharge merely of the person of the defendant, and not of his property.

5. Because the said plea is, in other respects, double, uncertain, contradictory, argumentative, evasive, informal and insufficient.

*J. Roosevelt,* in support of the demurrer. He cited *Frary* v. *Dakin,* 7 *Johns. Rep.* 75. 4 *Burr. Rep.* 22, 44. *Willes' Rep.* 413. 3 *Johns. Cas.* 107. 10 *Johns. Rep.* 160.

*Bushnell*, contra. He cited *Sollers* v. *Lawrence, Willes'* Rep. 413. *Service* v *Heermance*, 1 *Johns. Rep.* 91. *Peebles* v. *Kittle*, 2 *Johns. Rep.* 363. *Frary* v. *Dakin*, 7 *Johns. Rep.* 75.

WOODWORTH, J. delivered the opinion of the Court.

The plaintiff has demurred specially to the third plea; and assigned for causes of demurrer: 1. That it does not appear, that any advertisement, requiring the creditors to show cause, was ever published. 2. Because, the certificate of the assignee states, that the defendant made an assignment of all his estate, both in law and in equity, in possession, reversion or remainder; whereas the act requires a certificate, "that the insolvent has granted, conveyed, assigned, and delivered, for the use of his creditors, all his estate, and all books, vouchers, and securities relating to the same." 3. Because the discharge does not except debts due to creditors without the *United States*. 4. Because the discharge ought to have been pleaded as a discharge of the person of the defendant, and not of his property.

On the argument, several additional points were made, all of which appear to me frivolous, except the first, which excepts to the plea, because it does not aver, that the insolvent was an inhabitant of the county in which he made application.

In *Service* v. *Heermance*, (1 *Johns. Rep.* 91.) it was held, that a plea of a discharge under the insolvent act need not set forth, specially, all the proceedings previous to the certificate of discharge; that it was sufficient, if the discharge, itself, be set forth *verbatim*; all that was required was, to state enough to give the magistrate jurisdiction. In *Frary* v. *Dakin*, (7 *Johns. Rep.* 75.) where the same doctrine is recognised, it is said, "that after enough is alleged to give jurisdiction, the law presumes that the Judge did his duty, and required those things to be done which were necessary." To apply these principles to the present case; I do not perceive that any of the exceptions are well taken; sufficient is stated to give jurisdiction. The plea says, the defendant was a resident of the county of *Columbia*; the act requires that the insolvent be an inhabitant. These words signify the same

thing; a person resident is defined to be one " dwelling, or having his abode in any place :" an inhabitant, " one that resides in a place." There is no ground for this objection. The plea having stated all the facts necessary to give the magistrate jurisdiction, it will be seen that all the causes of special demurrer, truly stated, in point of fact, apply to the discharge set out in the plea. That they cannot be available, is evident, if the omission to state, in the discharge, every act required to be done by the statute, raises no presumption that the act was not performed, but that, on the contrary, we are to intend that the Judge exacted a strict compliance with the statute.

The discharge states, that the Recorder was satisfied that the defendant had conformed, in all things, to those matters required of him, according to the true intent and meaning of the act, before he directed an assignment. This allegation disposes of the first exception, independent of the presumption of law. The discharge would be directly falsified, if no advertisement had been published. Nor is the second exception well founded, in fact. The discharge states the manner in which the assignment was directed to be made, which pursues the words of the act; and, afterwards, that a certificate of the assignees was produced, that the insolvent had made such assignment; the fair construction of which appears to be, that the certificate complied with the statute. If, however, a strict construction is applied to the language of the discharge, it does not necessarily follow, that the certificate contained nothing more. What is stated is true, although the discharge may have omitted that part which related to the delivery of the property. This will be presumed, until the contrary appears, rather than that there was a neglect of duty, and an excess of jurisdiction.

The third exception is irrelevant. It does not appear that there were foreign creditors; and if there were, and not excepted in the discharge, it does not affect the defendant. The discharge may be a good bar to the plaintiff's demand, and not available as against foreign creditors.

The fourth exception is frivolous. The discharge, if

ALBANY,
August, 1822.

well pleaded, exonerated the person and estate, for the statute was in force when the contract was made.

It has been urged, that in no part of these proceedings is there a reference to the amended acts. When this petition was presented, one amendment had been made by sec. 6. ch. 263. sess. 38. which required insolvent notices, in certain cases, to be published in the city of *New-York.* I am not aware of any other. This amendment did not apply to a case like the present. The next amending act was passed *February* 28, 1817, and prior to the assignment being made, but subsequent to the order for publication. The rule of construction, applied in such case, is, that applications then pending, are not within its provisions. The act applies to petitions presented after the passing of the act. We are of opinion that the defendant is entitled to judgment on the demurrer, with leave to the plaintiff to amend.

Judgment for the defendant.