Suppose an issue of fact had been formed by a reply to the answer, in which the plaintiff had alleged that he was, in fact, the real party in interest. Upon the trial of such an issue, it would be necessary for the defendant, in order to maintain his side of the issue to prove a state of facts, such as an assignment of the judgment executed by the plaintiff since its recovery, or a transfer of his interest by operation of law, from which he could ask the court to determine that the plaintiff was not the real party in interest. Those facts, whatever they may be, upon which the defendant relies as the ground upon which he will ask that it should be adjudged that the plaintiff is not the real party in interest, should have constituted the matter of allegation in his answer. This I understand to be in accordance with the theory of pleading adopted by the code. Each party should present in his pleadings the facts which he intends to establish by proof, if controverted, and upon which he expects the law to be pronounced. These facts should be so presented that upon the trial the court can see from the pleadings what facts are disputed and what are not; and be able to proceed to the determination, first of the disputed facts and then of the rights of the parties as established.

My conclusion, therefore is, that the answer is insufficient, for the reason that it does not state the facts upon which the defendant relies to sustain his allegation that the plaintiff has no right to sue. The plaintiff is therefore entitled to judgment upon the demurrer, but as the answer was probably interposed in good faith, the defendant may have leave to amend within ten days after notice of this decision, upon payment of costs.

---

# SUPREME COURT.

STEPHEN BURROWS vs. ABRAHAM B. MILLER, and two other suits.

A person who had formerly been a resident of another state (Indiana,) but had with his family removed to this state, and was then residing with a relative, while he was looking out for an opportunity to engage in business, and whether he should finally settle in this state or elsewhere, was undetermined, *Held*, that an attachment was properly issued against him, under § 227 of the code, as a *non-resident*.

*New York General Term, May,* 1850.—*Before* EDMONDS, EDWARDS *and* MITCHELL, *Justices.* In this and two other cases, attachments were taken out against the defendant as a non-resident. It appeared that he had formerly resided and married in this state, and had then emigrated to

Indiana, where he had been engaged in mercantile business in which he had failed. After his failure he had returned to this state with his family, and lived in his father-in-law's family in the city of New York, while he was looking out for an opportunity of again getting into business; and whether he should finally settle in this state or elsewhere, was undetermined.

On this state of facts he moved to discharge the attachment, on the ground that he was not a resident of Indiana, but, if anywhere, of this state. From an order at special term, denying the motion, he appealed.

By the Court, EDMONDS, Presiding Justice.—I am of opinion that the decision of the special term in these cases, was eminently proper. The question is not whether the defendant is a resident of Indiana, but whether he is not a resident in this state. The provision of the code (§ 227,) authorizes an attachment "against a defendant who is not a resident of this state." The defendant was, at one time, a resident of Indiana; but that residence he has abandoned, and he has returned with his family to this state, but whether he will take up his residence here or elsewhere; he is yet undetermined; that is to depend upon his prospects of getting into business. Until his mind shall be settled on that point, until he shall come to a determination and have a fixed place of habitation, with an intention of staying there, he cannot be said to have a residence anywhere. Order of special term affirmed with costs.

---

## SUPREME COURT.

REUBEN DEDERICK agt. HENRY HOYSRADT and others.

An *injunction* cannot now be issued in one action to stay the prosecution of another in this court.

If the commencement or pendency of one suit furnishes a reason for staying proceedings in another, an application should be made for a stay of proceedings,

And such application should be made in the suit in which proceedings are sought to be stayed; and upon notice, where the defendant has answered.

*At chambers, Dec.* 27, 1849.—This was a motion to vacate an injunction which had been granted by the county judge of Columbia. On the 4th day of January, 1839, Henry Hoysradt and Adam A. Hoysradt executed their bond to Aaron Vanderpoel, conditioned for the payment of $2500 with interest; and to secure the payment, John H. Hoysradt and