Robertson, Ch. J.
I think enough is admitted hy the defendant to justify the issuing of the attachment in these cases.
He, it appears by such admissian, left this country for China, to take charge of three trading vessels in which he was interested ; they performed several voyages to different ports in the Chinese and Eastern seas, and he has been absent "on that business for about two and a half years. That was enough to render him not a resident of Hew York, so as to bring him within the statute relating to such attachments. The case of Haggart v. Morgan, decided in the court of last resort, is conclusive on this point. (1 Seld. 422, affirming S. C. 4 Sandf. 198.) In that case, absence abroad, in attendance on business, for three years, was held sufficient to constitute non-residence, notwithstanding the debtor, as in this case, kept up his house in Hew York as he had previously done. It was also there *702 held that the statute contemplated actual residence, without regard to domicil. Of course, the object of the statute was to provide for cases where the party would probably not subject himself to the process of our courts, within a reasonable time after judgment, by voluntarily coming within its reach; Hurlbut v. Seeley, 11 How. 507. 2 Abb. 138.) Such decision does not conflict with those in. Barry v. Bockover, (6 Abb. 374 ;) Chaine v. Wilson, (1 Bosw. 673 ; 8 Abb. 78 ;) Greaton v. Morgan, (8 Abb. 64;) Lee v. Stanley, (9 How. 272;) and Bache v. Lawrence, (17 How. 554,) where the debtor, having his domicil in another state, came daily, or with short intervals, to this state, to transact his business, but as constantly returned to the place of his domicil; thus making his absences, however numerous, only temporary. Nor does it conflict with that of Burrows v. Miller, (1 How. 349,) where the stay was uncertain, and depended upon the contingency of commencing business. The former Supreme Court of this state, as far back as The matter of Thompson, (1 Wend. 43,) made the test of residence abroad, engagement in business for a time, whether temporarily or permanently, and Chief Justice Nelson adopted the same criterion, of an intention to remain, at least for a time, for business or other purposes. (Frost v. Brisbin, 19 Wend. 11.) The distinction between the two kinds of stay abroad is, therefore, of long standing ; while, on the other hand, cases which seem to place residence and domicil on somewhat the same footing, (Thorndike v. City of Boston, 1 Metc. 245 ; Cadwallader v. Howell, 3 Harr. 144,) are rendered clearly inapplicable. (See Douglass v. Mayor, &c. of New York, 2 Duer, 110.)
The derivation of the two words, domicil and residence, fully points out the distinction in their meaning. A home (domus,) is something more than a temporary place of remaining (residendi,) however long such stay may continue. Lexicographers recognize such difference in their definitions of the two, and it is adopted as a legal distinction in several cases, (Roosevelt v Kellogg, 20 John. 208 ; Bartlett v. Mayor, &c. of New York, 5 Sandf. 44 ; Douglass v. Same, 2 Duer, 11b *703 esides that of Haggart v. Morgan, already referred to. But still, the nature of the stay in a place, which renders it a residence, remains to be determined. The permanence which is to make it so, does not depend solely upon past duration ; but the probability of a future continuance, growing- out of the object of the, sojourn in such place. One piece of business does not seem to be sufficient, (Matter of Fitzgerald, 2 Caines, 318 ; Boardman v. House, 18 Wend. 512 ; Crawford v. Wilson, 4 Barb. 504; Hurlbut v. Seeley, 11 How. Pr. 507; S. C. 2 Abb. 138 ;) unless it continue a great length of time. (Haggart v. Morgan, ubi supra.) "Nor is the continuous conduct of a business in a place not one’s domicil sufficient where the returns to the latter are constant and frequent, with only daily or other short intervals of absence. (Barry v. Bockover, 6 Abb. 374. Greator v. Morgan, 8 id. 64. Chaine v. Wilson, 1 Bosw. 673. Lee v. Stanley, 9 How. 272. Houghfon v. Ault, 16 id. 77. Id. 87, n. Bache v. Lawrenee, 17 id. 554.) Of course, for the. length of time necessary, no fixed rule can be established ; while three years and a half was held enough in Haggart v. Morgan, four months in Crawford v. Wilson, and even ten months in Hurlbut v. Seeley, was held not enough ; but where an .absent plaintiff was required to give security for costs, a year was considered sufficient. (Wright v. Black, 2 Wend. 258.) The nature of the business in which the party intends to be engaged may be looked at to determine the uncertainty or probability of the duration. In these cases," the defendant Crockett was absent two years and a half, and the nature of the business in which he was engaged was suc-h as to render the .time of his return very problematical,, and the duration of his absence such, as, probably, to delay the plaintiff an unreasonable time from the benefit of the process of our courts, in compelling an appearance or collecting his judgment, if he obtained one. A creditor is not bound to wait until a debtor shall, at some remote and uncertain period, finish his errand abroad, and return to his domicil, whether such errand be the collection of the charter money, and performance of voyages by three or any other number of vessels, *704 or be the conducting of an established business. The evidence before me establishes such an absence abroad of the defendant Crockett as to constitute him a non-resident, so as to subject his property to the attachment at the time it was issued.
I am aware that the term resident, for many purposes, has been differently construed, such as in case of the examination of a witness, (Pooler v. Maples, 1 Wend. 65;) successions to estates, (Roosevelt v. Kellogg, 20 John. 208; Isham v. Gibbons, 1 Bradf. 69 ;) taxation, (Douglas v. Mayor, &c. of New York ; Bartlett v. Same, supra;) a discharge from debts, (In re Wrigley, 8 Wend. 134;) and exercise of political rights, (Chaine v. Wilson, ubi supra ;) but it will be found that in such case the object of requiring a residence was different from that in case of a debtor.
The motion to renew must be denied, with seven dollars costs in each case.