PETER KUNTZ *v.* DAVIDSON COUNTY.

TAX. *Poll. Alien.* The Legislature may lay a poll tax upon an alien
who is an inhabitant of this State.

FROM DAVIDSON.

Appeal in error from the Circuit Court of David-
son county. FRANK T. REID, J.

5—VOL. 6.

WIRT HUGHES for Kuntz.

O. S. GALBRETH for County.

COOPER, J., delivered the opinion of the court.

The circuit judge, who tried this case without a jury, gave judgment in favor of Davidson county against Peter Kuntz for the poll taxes assessed against him for several years, and he appealed.

By the act of the 17th of June, 1870, ch. 26, "every male inhabitant of the State between the ages of twenty-one and fifty years," with certain exceptions not material to be noticed, is required to pay a poll tax. The plaintiff in error was born in Prussia in 1845, emigrated to the United States in 1870, and came to Davidson county, Tennessee, in 1873, and has since resided in that county, having a wife and two children. He claims to be a subject of the King of Prussia, having never withdrawn or intended to withdraw his allegiance. He has never applied for naturalization papers, nor exercised the elective franchise, and considers himself a temporary resident of the State.

By the statute, "every male inhabitant of the State," with certain exceptions, which do not apply to the plaintiff in error, is liable to pay a poll tax. An inhabitant is one who has an actual residence in a place; or, as it has been otherwise expressed, "one that resides in a place": *Roosevelt* v. *Kellogg*, 20 Johns., 211. The intention of such person to quit his residence will not, until consummated, deprive him of his right as an inhabitant: 1 Dall., 480; *Foster* v. *Hall*, 4 Hum., 346.

No such intention appears in this case, except by way of inference from the statement that appellant considers himself a temporary resident. His own statements clearly show that he is an inhabitant within the meaning of the law: *Stratton* v. *Brigham,* 2 Sneed, 420. That the Legislature would have the right to levy a poll tax upon all of its inhabitants, unless restrained by some provision of the Constitution, is clear. The power of taxation is an incident of sovereignty, and extends to persons and property within the limits of its sovereignty. The right to tax an individual results from the general protection afforded to himself and property, and depends on residence, not citizenship. These are elementary principles, which have not been disputed: Cooley on Tax., 14, 269.

The Constitution of this State, art. 2, sec. 28, makes certain provisions in relation to taxation, intended to produce equality of burden and to limit the legislative power of exemption. It provides thus: "All male citizens of this State over the age of twenty-one, except such persons as may be exempted by law on account of age or other infirmity, shall be liable to a poll tax of not less than fifty cents nor more than one dollar per annum. Nor shall any county or corporation levy a poll tax exceeding the amount levied by the State." By art. 4, sec. 1, the Constitution further provides again for the payment of poll taxes by all male citizens of the State within such ages as may be prescribed by law, and requires each voter to give to the judges of election where he offers to vote, satisfactory evidence that he has paid

the poll taxes assessed against him for such preceding period as the Legislature shall prescribe.

These are wise provisions, intended to compel every male citizen, with certain limited exceptions, to pay a personal tax for the protection afforded him, and for the privilege of exercising the elective franchise. These provisions do not contain any restriction on the power of the Legislature over the inhabitants of the State who are not citizens. The fact that a person is an alien, owing allegiance to a foreign potentate, may lay him open to heavier legislation, but would certainly not exempt him from taxation common to all citizens.

The Legislature has unlimited legislative power, except so far as it is restrained by the Constitution of the United States and the Constitution of this State: *Davis* v. *State,* 3 Lea, 377. And they who insist upon the unconstitutionality of an act, must point out the specific provision of the Constitution which is violated. The court can only interpose upon a plain violation of some positive provision of the organic law.

There is no error in the record, and the judgment must be affirmed.