By the Court.
O’Gorman, J.
This is an appeal from an order of this court at special term, denying a motion made on behalf of defendant, Loehr, to vacate an attachment issued against his property, on the ground that he was a non-resident of the state of New York.
The material facts, as stated by the defendants, and uncontroverted, are these:
Defendant Loehr had been, before June, 1884, a commercial traveler for a New York establishment, spending much of his time on the road and outside of the state of New York. He had lived in Brooklyn with his wife and family, and, up to that time, was a resident of the stats of New York. Finding his wife and children ill, as he was advised by his physician, of disease contracted by bad sewerage of the house in which he dwelt, and finding change of air necessary for their recovery, he left the house in which he had dwelt. His wife’s father and mother resided in Milwaukee, and, his wife being then pregnant, he decided to remove her and his family to that city, so that they could have the care of their relatives. It was no part of his or his wife’s intention to reside permanently in Milwaukee, but it was his and her intention *82 to return to Brooklyn. They did return to Brooklyn on June 11, 1885. Their absence from the state, in the meantime, is attributed to the illness of defendant’s wife, who was delivered of a child in October, 1884, and the subsequent illness of his and her children.
The defendant Loehr, before he left Brooklyn, put his furniture into a storage house there, for safe keeping until his return. During the absence of his wife and family in Milwaukee, the defendant, on his occasional returns to New York from his journeys, had no permanent dwelling in this state, but stayed temporarily in boarding-houses in Brooklyn.
The attachment was issued in April, 1885, during the absence of the defendant from New York.
There is sufficient evidence, in my opinion, to warrant the conclusion, that in leaving Brooklyn, the defendant had not the intention to seek a domicile outside the state of New York, and that the stay of his wife and family in Milwaukee was not intended by him or her to be permanent, but was transitory, and that, during all their absence from New York, they always had the intention of returning to Brooklyn, at some time in the future not fixed.
The question is not wholly free from doubt, and that doubt has been, to some extent, caused by the failure to distinguish accurately between domicile and residence. These words are often used indifferently. Generally speaking, domicile and residence mean the same thing (Kennedy v. Ryal, 67 N. Y. 379). They have, however, at least when used in reference to attachment under the Code, different and distinct meanings.
Residence, combined with intention to remain, constitutes domicile (2 Kent’s Com. 577).
Inhabitancy and residence mean a fixed and permanent abode, a dwelling-house for the time being, as contradistinguished from a mere temporary locality of existence (20 Johns. 208).
Residence, in attachment laws, generally implies an established abode, fixed permanently for a time, for busi *83 ness or other purposes, although there may be an intent existing all the while, to return to the true domicile (Kone v. Cooper, 43 Ark.).
The meaning of the word resident, as used in section 1763 of the Code, was discussed in De Meli v. De Meli, and it was held that a natural born citizen of the United States, who had been for some years dwelling in Dresden, but always stated his residence to be in Hew York, and never had the intention of obtaining a residence anywhere else than in Hew York, had never acquired a foreign residence ; that the residence of a man is changed only by an abandonment of the first place of domicile, with the intention not to return, but to permanently settle in another place (De Meli v. De Meli, 5 Civ. Proc. R. 308).
In Dupuy v. Wurtz (53 N. Y. 556), the contention was as to the proper execution of a will by a citizen of the state of Hew York, who bad dwelt continuously in Europe for many years. The will was executed in Hice, and according to the laws of Hew York. It was held that the testatrix had not abandoned her original domicile, which continued to be in Hew York.
The question in the case at bar, however, is not as to domicile, with reference to proper execution of a will, but as to residence or non-residence, as the test of the right to attach property of the defendant.
In my opinion, actual cessation to dwell within the state for an uncertain period, without definite intention as to any fixed time of returning, even although a general intention to return at some time in the future may exist, constitutes non-residence, and warrants an issue of an. attachment under sections 635 and 636 of the Code. •
The order appealed from should be affirmed, with $10 costs.
Sedgwick, Oh, J., concurred.