[No. 13130.   Department Two. — January 29, 1890.]

## J. W. HANSON, RESPONDENT, *v.* R. A. GRAHAM, APPELLANT.

ATTACHMENT — RESIDENCE — ACTUAL — CONSTRUCTIVE. — The residence referred to by the attachment law is an actual as contradistinguished from a constructive or legal residence or domicile.

ID. — SETTLED ABODE FOR THE TIME BEING — INTENTION TO RETURN. — Where a man has a settled abode for the time being, for purposes of business or pleasure, that is his residence within the meaning of the attachment law, notwithstanding an intention to return to the place of his constructive residence or domicile.

APPEAL from an order of the Superior Court of San Diego County refusing to dissolve an attachment.

The facts are stated in the opinion.

*F. W. Burnett,* for Appellant.

*Henderson & McDonald,* for Respondent.

HAYNE, C. — This is an appeal from an order refusing to dissolve an attachment. The attachment was issued upon an affidavit that the defendant was a non-resident, and the motion to dissolve was upon the ground that the affidavit was not true, and that the defendant was a resident.

The affidavits read upon the hearing consist in great part of mere conclusions and statements on information and belief. The following facts, however, appear to be undisputed. The defendant, Graham, was a contractor for the building of railroads and other similar works. In 1884 he left his former residence, and established himself in Victoria, British Columbia. In 1886 he left that place, and finally settled in San Diego, with the intention of engaging in business there. While in San Diego he lived in hotels and lodging-houses. After about ten months, business became dull, and he stored his contractor's tools and implements, and in June, 1888, went to Chile for the purpose of engaging in busi-

ness there. In October, 1888, the attachment was levied, at which time he had not returned from Chile.

It further appears that the purpose of going to Chile was to get contracts in his line of business of which he had heard. So much is undisputed. It does not distinctly appear how long such contracts would take to fill if he succeeded in getting them. In this regard the plaintiff states in his affidavit upon information and belief that the defendant had gone to Chile with the intention "of engaging in railway contracting, involving millions of dollars and years of time for completion, the said work necessitating an extended residence of many years' duration "; and that should it be necessary for him to return to the United States, such return would be only for the temporary purpose of arranging his business affairs in said county of San Diego preparatory to the removal of said outfit to the republic of Chile. The defendant produced many affidavits, to the effect that Graham had stated before leaving that he intended to return shortly; and the affiants offer their conclusions to the effect that he always intended to return, and that he was still a resident of California. As above stated, the affidavits on each side are vague and unsatisfactory. We think that it sufficiently appears, however, that defendant went to Chile for the purpose of prosecuting his business of contractor there, and that if successful in obtaining contracts he would remain at least as long as would be necessary for their completion; and that he had been gone about four months without returning.

Upon these facts the question arises whether the judge of the court below was right in holding that the defendant was a non-resident.

The statute in relation to attachments provides that the writ may issue when the defendant is " not residing" in this state. (Code Civ. Proc., sec. 537.) In the next section it is provided that the plaintiff must present an

affidavit that the defendant " is a non-resident." These two phrases seem to have been used as equivalent in meaning. Whether they are so in strictness or not need not be considered. But we think that the residence referred to is an actual as contradistinguished from a constructive or legal residence; and that there may be such an actual residence, notwithstanding a general intention to return to the place of legal residence or domicile.

This was held in a well-considered case in Virginia, in which the facts were nearly the same as those involved here. There a person domiciled in Washington City removed to Virginia with the intention of remaining there for nine months, or for such additional time as might be required to complete certain contracts for building parts of a railroad. He rented his residence in Washington, but without any intention of abandoning his domicile there, and during his stay in Virginia he always claimed Washington as his place of residence, and declared his intention of returning there as soon as his contracts should be completed. Upon these facts it was held that for the purposes of the attachment law he was a resident of Virginia. And the court said: " It is apparent that the word ' residence,' like that of ' a domicile,' is often used to express different meanings, according to the subject-matter. In statutes relating to taxation, settlements, the right of suffrage, and qualification for office, it may have a very different construction from that which belongs to it in the statutes relating to attachments. In the latter, actual residence is contemplated, as distinguished from legal residence. . . . . While, on the one hand, the casual or temporary sojourn of a person in this state, whether on business or pleasure, does not make him a resident of this state within the meaning of the attachment laws, especially if his personal domicile be elsewhere, so, on the other hand, it is not essential he should come into this state with the intention to remain permanently, in order to constitute him a resident." (*Long* v. *Ryan,* 30 Gratt. 720.)

Decisions similar in principle have been made in other states. (*Frost* v. *Brisdin*, 19 Wend. 11; 32 Am. Dec. 423; *Krone* v. *Cooper*, 43 Ark. 547; *Morgan* v. *Nunez*, 54 Miss. 311; *Burrill* v. *Jewett*, 2 Rob. 701; *Haggart* v. *Morgan*, 5 N. Y. 423; 55 Am. Dec. 350; *Nailor* v. *French*, 4 Yeates, 241; *City Bank* v. *Merritt*, 13 N. J. L. 134; *Stout* v. *Leonard*, 37 N. J. L. 495; *Swaney* v. *Hutchins*, 13 Neb. 266.)

And the rule seems to rest upon sound principle. The reason of allowing an attachment against a non-resident was, that it was one mode of acquiring jurisdiction in a suit against him. And this purpose would not be satisfied if the debtor could preserve a constructive residence in the state by virtue of a general intention to return, when he was in fact residing in another state. The rule, indeed, has not gone so far as to cover the case of a mere transient journey. But where a man has a settled abode for the time being in another state, for purposes of business or pleasure, we think that both reason and authority require him to be treated as a non-resident of this state within the meaning of the attachment law. We have not overlooked section 52 of the Political Code. But if a different rule is there provided, we think that the provision was not intended to apply to the attachment law.

In the light of these principles we think that it does not appear that Graham was a resident of California after his departure for Chile. It having been shown that he left the state for the purpose of engaging in business in a foreign country, a *prima facie* case of non-residence was made out; and we do not feel that we can say that the contrary was shown.

We therefore advise that the order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order appealed from is affirmed.