[No. 19155.   Department Two.—January, 11, 1894.]

GEORGE EGENER, APPELLANT, *v.* EMMA JUCH
ET AL., RESPONDENTS.

ATTACHMENT—DISSOLUTION—RESIDENCE OF DEFENDANTS—CONFLICTING EVIDENCE.—An order dissolving an attachment against the defendants as nonresidents will be affirmed where the affidavits used on the motion conflict as to where their legal residence was at the date of the attachment, and it appears that they were then actually engaged in the state in professional work, and were served personally in the state with summons.

ID.—ACTUAL RESIDENCE—DOMICILE.—The residence referred to by the attachment law is an actual, as contradistinguished from a constructive, or legal, residence or domicile.

APPEAL from an order of the Superior Court of Los Angeles County dissolving an attachment.

The facts are stated in the opinion of the court.

*Jay E. Hunter,* and *Creighton & Creighton,* for Appellant.

*W. E. Dunn,* for Respondent.

McFARLAND, J.—This is an appeal by plaintiff from an order of the lower court dissolving an attachment. The validity of the attachment depended upon the question whether or not the respondents were "not residing" or "nonresidents" of this state at the time the writ issued. (Code Civ. Proc., secs. 537, 538.) At that time they were actually in the state engaged in their professional work, and were served personally in the state with summons. The affidavits used on the motion conflicted as to where their legal residence was; and considering the decision of this court in *Hanson* v. *Graham,* 82 Cal. 631, to the effect that "the residence referred to by the attachment law is an actual, as contradistinguished from a constructive, or legal residence or domicile," we cannot say that the court below was wrong in holding that respondents were not nonresidents within meaning of the sections of the code above referred to.

The order appealed from is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 10th of February, 1894.

BEATTY, C. J., dissenting.—I dissent from the order denying a rehearing of this cause.

The affidavits upon which the attachment was dissolved present no real or substantial conflict as to the facts. The attorney for the respondents made an affi-

davit stating in general terms that at the time the attachment issued they were actually residing in Los Angeles. But this was merely his conclusion or opinion. The affidavits filed by the plaintiffs, on the other hand, are full and specific as to the facts from which the question of residence is to be determined, and they are not contradicted. They show clearly and beyond any question or room for doubt that the defendants had been, and for many years were, residents of New York; that they were in California at the time of the attachment as members of a theatrical troupe, traveling from place to place giving performances according to a definite programme, and intending to leave the state within a few days.

The case is in no substantial particular like *Hanson* v. *Graham*, 82 Cal. 631, or any of the cases upon the authority of which it was decided, and the order of the superior court cannot be upheld upon any theory except that the mere presence of a defendant in the state at the time an action is commenced, under circumstances which enable the plaintiff to secure a personal service of the summons, will make him a resident within the meaning of the attachment law. I do not assent to this proposition, and the court, I am sure, would hesitate to affirm it.