## PECH MANUF'G CO. v. GROVES.

1.  An order denying a motion to vacate an attachment issued on the ground that defendant is not a resident of this state will not be dissolved when it is indisputably shown that he is, and for several months has been, employed in another state, that he has no dwelling place within the state where summons can be served by leaving the same, in compliance with section 4898 of the Compiled Laws, and when the evidence is to some extent comflicting as to whether or not he intends at any further time to return to this state.

2.  That real property of a nonresident debtor has been attached concurrently with proceedings to foreclose, by advertisement, a chattel mortgage given to secure the amount claimed to be due, is no ground for the dissolution of such attachment.

3.  An action may be maintained in this state, by a foreign corporation, to enforce the collection of a debt, although it does not affirmatively appear that such corporation has filed in the office of the secretary of state a copy of its charter or articles of incorporation, nor appointed a resident agent, upon whom process may be served.

4.   That a portion of the property seized under an attachment is exempt, under the homestead laws, affords no ground for vacating and setting aside the attachment.

(Syllabus by the court.   Opinion filed Feb. 2, 1895.)

Appeal from circuit court, Codington county.   Hon. J. O. ANDREWS, Judge.

Action to recover upon certain promissory notes.   Upon the ground that defendant was a nonresident of this state an attachment was issued.   From an order denying a motion to discharge the attachment defendant appeals.   Affirmed.

The facts are stated in the opinion.

*F. E. VanLiew,* for appellant.

Statutes relating to attachment proceedings should be strictly construed.   William Deering & Co. v. Warren, 44 N. W. 1068; Wylie v. Altman, 11 N. Y. 33; 'Wando Phosphate Co. v. Rosenburg, 17 S. E. 969.

Non-residence such as to make a person's property liable to attachment must be actual and permanent as distinguished from casual and temporary.   Houghton v. Ault, 16 How. 77; Black's Law Dict. 1032; Kellar v. Carr, 42 N. W. 292; Hulbert v. Seeley, 11 How. 507; Sprague v. Houghten, 2 Ill. 377; Webster's Unabridged Dict.; Garlinghouse v. Malvane, 19 Pac. 798; Lee v. Stanley, 9 How. 272.

The land levied upon was the homestead of the defendant and was therefore exempt from attachment.   Comp. Laws 2449, 2467; Garlinghouse v. Mulvane, 19 Pac. 798.

The plaintiff in this action is a foreign corporation and had never complied with the laws of this state relating to foreign corporations doing business therein.   It could not therefore maintain an attachment.   Comp. Laws Sec. 3190, 3191, 3192, 5207.

Attachment should have been dissolved for the reason that the notes mentioned in the complaint and affidavit for attachment was amply secured by chattel mortgage, and that mortgage foreclosed since the action was commenced and since the attachment was issued and property levied upon.

*Bennett & Sheldon,* for respondents.

FULLER, J. On the 19th day of May, 1893, in a suit on two promissory notes executed by defendant to plaintiff, and secured by a chattel mortgage, and upon the ground that the defendant was not a resident of this state, plaintiff caused an attachment to be levied upon a certain tract of land belonging to the defendant, and also upon two horses and a set of double harness; the same being a part of the personal property described in the mortgage, and which were afterwards, by legal process, taken from the possession of the attaching officer by a third party, to whom such property had been delivered by the defendant. This appeal is from an order overruling a motion to discharge the attachment.

It appears from the affidavits used on the motion to dissolve the attachment that the defendant, who is unmarried, was in the month of November, 1892, and for several years immediately prior thereto had been, a resident of this state; that he was in the city of Watertown on the 10th day of December of that year, and that he went to Wisconsin on the 5th day of January, 1893, and remained there until after the seizure of his property under the attachment proceedings; and that the cultivated portion of the land in question was being farmed by another, under a lease for a term of years. Defendant testified that he went to Wisconsin January 5, 1893, for the purpose of working in a lumber camp, with the intention of returning to this state early in the month of June, and that he has done as he expected; that he was a resident of the state in November, 1892, and has never cast a vote in any other state. In the above statement he is corroborated by his brother and other witnesses, who testified that the defendant was a resident of this state at the time the attachment was levied, and that he had requested his brother to look after the property subsequently attached, during his absence in Wisconsin, and that letters were frequently received from defendant, in which he declared his intention to return to South Dakota not later than the the month of June, 1893. However, no such letters were pre

sented at the hearing.   In rebuttal, Sheriff Foley testified that in making the levy complained of, and in his efforts to ascertain who, if any one, had charge of the real and personal property subsequently attached, he called upon the brother of defendant, who stated in his affidavit that the property had been left in his charge, and was informed by said brother that he had nothing whatever to do with defendant's property or business matters, and that the real estate in question had been, by the defendant, leased for a term of years.   The agent of plaintiff who made the affidavit for an attachment also testified in rebuttal, apparently without objection, that he was informed by one Morgan, to whom defendant had turned over the horses and harness described in the mortgage, that defendant said "that he did not care what the horses were fed, or how they were kept, and that he had got all he wanted of this country." Under the view most favorable to the attachment debtor, it clearly appears, from the affidavits used on the hearing to discharge the attachment, that defendant had no dwelling place within the state, where process could be left in the presence of one or more of the members of his family over the age of 14 years, nor a place of abode in the family of another within the state, where process could be left with one of the members thereof over the age of 14 years, as provided by subdivision 6 of section 4898 of the Compiled Laws; and we are inclined to believe that the facts and circumstances before the trial court were sufficient to justify the conclusion that the residence of the defendant within the state was not of such a character as to exempt his property from attachment, and that, within the meaning of section 4993 of the Compiled Laws, he was not a resident of this state.   Baldwin v. Flagg, 43 N. J. Law 495; Wolf v. McGavock, 23 Wis. 516; Stout v. Leonard, 37 N. J. Law 492; Haggart v. Morgan, 5 N. Y. 422; Morgan v. Nunes, 54 Miss. 308; Burrows v. Miller, 4 How. Pr. 349; Chase v. Bank, 56 Pa. St. 355; Frost v. Bisbin, 19 Wend. 11; Hanson v. Graham (Cal.) 23 Pac. 56; Carden v. Carden (N. C.) 12 S. E.

197; Lawson v. Allard (Minn.) 48 N. W. 1019; Drake Attachm. p. 56; Wap. Attachm. p. 35.

After the commencement of the action and the levy of the attachment, plaintiff advertised, and sold at foreclosure sale, a portion of the property included in the chattel mortgage, and applied the proceeds on one of the notes in suit; and counsel for defendant contends that an attachment cannot be maintained in behalf of a creditor whose claim is thus secured, and who has foreclosed his mortgage after the seizure of the property under an attachment. It seems that defendant had placed a large portion of the mortgaged property beyond the immediate reach of the plaintiff, and that the proceeds derived from what was sold were sufficient to pay but a small portion of the amount due plaintiff from defendant; and, as this court has held that a creditor whose claim is secured by chattel mortgage may attach the same and other property belonging to the debtor, it will not be necessary to give the question further consideration. William Deering & Co. v. Warren, 1 S. D. 35, 44 N. W. 1068. The amount claimed in the affidavit for an attachment was $272.60, and the proceeds of the chattel mortgage sale were $25. Counsel's contention in favor of the position that real property cannot be attached concurrently with proceedings to foreclose the chattel mortgage is not well founded, and seems to be unsupported by the authorities. Burtis v. Bradford, 122 Mass. 129; Boone, Mortg, Sec. 277, and cases cited.

As the objection urged in appellant's brief, that the land levied upon is appellant's homestead, and therefore exempt from attachment, was not presented in the motion to discharge the attachment, and there is nothing in the record to indicate that the land, at the time of the levy, possessed any homestead characteristics we are not called upon to consider whether, in any event, upon a motion to dissolve an attachment, the homestead right may be litigated and determined, and such property be released from the levy. It would seem, however, that the seizure of property exempt under the homestead laws affords

no ground for vacating an attachment. Davidson v. Owens, 5 Minn. 69 (Gil. 50.)

Appellant also maintains that the attachment should be dissolved because it does not sufficiently appear that respondent, who is a foreign corporation, has filed in the office of the secretary of state a copy of its charter, or appointed a resident agent, as required by section 3190, art. 20, c. 3, of the Compiled Laws; but, as that question has been settled by this court, the point will receive no consideration at this time. Wright v. Lee, 2 S. D. 596, 51 N. W. 706, and cases there cited. The order overruling the motion to dissolve the attachment is affirmed.