MARSHALL WEBB, APPELLANT, v. ROSINA WHEELER, APPELLEE.

FILED MAY 24, 1907. No. 14,618.

Attachment: RESIDENCE. It is the actual residence of the debtor, and not his domicile, which determines the status of the parties in attachment proceedings.

APPEAL from the district court for Nemaha county: WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*Neal & Quackenbush,* for appellant.

*Stull & Hawxby* and *H. A. Lambert, contra.*

JACKSON, C.

The plaintiff appealed from an order dissolving an attachment issued on the ground that the defendant was a nonresident of the state.

The principal contention is that the judgment is contrary to the evidence. We think the claim of the plaintiff in that respect is well founded. The defendant is a widow, and formerly lived by herself at Nemaha City, in a home which she owned in her own right. A married daughter resided in the same city, and another in Illinois. A son lived at Auburn. The daughter at Nemaha City removed to St. Paul, Minnesota, and was accompanied by the defendant, who, prior to her departure sold her home and such household furniture and effects as she did not take with her, excepting a few keepsakes which were packed in a box and sent to the home of her son at Auburn. She had been gone from the state something over a year before the commencement of the action in which the attachment proceedings were had. At the hearing of the application to dissolve the attachment the defendant was a witness in her own behalf, and testified as to her intentions when she left the state, in effect, that she did not know what she would do; she had no settled purpose as to whether she would remain in St. Paul with her daughter or not. Her purpose to go to St. Paul was formed at the time she learned that the daughter intended to remove to that city. This daughter had lived near her in Nemaha City, and she went to St. Paul so that they might still be near together. She, however, rented a room and kept house by herself, except during the winter months, when she went to Illinois and visited with her daughter in that state. The facts upon which she seeks to justify the conclusion of the trial court are that shortly after she went to St. Paul she sent to her son at Auburn the proceeds of the sale of her property at Nemaha City, with instructions to buy a lot and build a small residence there. This was done, but the property was leased and occupied by a tenant until some months after the commencement of this action, and was offered for sale before the action was instituted. The further fact that in May, 1904, she sustained an injury which has resulted in her since being bedridden is urged as a reason why she did not sooner return. Several wit-

nesses testified that immediately prior to her departure from Nemaha City, and while she was disposing of her effects there, she stated that she was going to St. Paul with the purpose of making that city her future home.

Resting the case upon her own evidence, construed in the light most favorable to herself, we are forced to believe that she was not a resident of the state within the meaning of the statute under which the attachment proceedings were had. In *Lawson v. Adlard*, 46 Minn. 243, 48 N. W. 1019, this question was under consideration, and it was said: "When construing statutes relating to attachment proceedings against nonresidents, a clear distinction has been recognized between an actual and a legal residence, the latter having been, generally, deemed the domicile, and not the residence contemplated. It is the actual residence of the debtor, and not his domicile, which determines the *status* of the parties in such proceeding." Considering the prolonged absence of the defendant from the state, coupled with the fact that at the time of her departure she had no purpose to return, and that during her absence she had no dwelling place within the state where summons could be served in compliance with the provisions of the code, we think it would practically amount to a denial of justice to hold that a creditor, under such circumstances, could not proceed by attachment. As bearing upon this question, see *Peck Mfg. Co. v. Groves*, 6 S. Dak. 504, 62 N. W. 109.

It is recommended that the order appealed from be reversed.

AMES, C., concurs.

CALKINS, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.