CULHANE ADJUSTMENT COMPANY, Respondent, v. FAR-RAND, Appellant.

(147 N. W. 271.)

1. **Attachment—Grounds—"Non-resident"—Actual and Legal Residence—Distinction—Animo Revertendi.**

Where a person broke up housekeeping in this state, rented his residence for one year, and removed to another state, where he purchased a business which he continued to conduct, assuming a lease of the premises, and rented compartments there in which he resided with his family, held, he was a "non-resident" of this state within the attachment laws, notwithstanding his intention to return to the state later; that a clear distinction exists between actual residence and legal residence, the latter being the domicile, and a debtor cannot preserve a residence which is a domicile, in this state, so as to defeat attachment proceedings, by virtue of a general intention to return, when he in fact resides in another state; and the fact that a party has no dwelling place, nor place of abode in the family of another within the state, where process can be left, as provided in Code Civ. Proc., Sec. 110, may properly be taken into consideration.

2. **Attachment—Motion to Dissolve—Exempt Property—Irrelevant Question.**

Whether attached property is exempt from execution does not properly arise on a motion to dissolve an attachment.

(Opinion filed May 18, 1914. Rehearing pending.)

Appeal from Circuit Court, Brookings County. Hon. CARL G. SHERWOOD, Judge.

Action by the Culhane Adjustment Company against John D. Farrand, upon a judgment. From an order vacating an attachment, defendant appeals. Reversed.

*M. E. Culhane,* for Appellant.

There is a distinction between "residence" and "domicile," and even the word "residence" depends upon the statute in or the purpose for which it is used. One may have a residence in one state and a domicile in another. Section 207, Code Civil Procedure; Lawton v. Adlard (Minn.), 48 N. W. 1019; Raymond v. Leishman (Pa.) 89 Atlantic, 791; Union Nat. Bank v. Finley (Ind.) 103 N. E. 110; Hanson v. Graham (Cal.) 23 Pac. 56; Waples on Attachment, 35; Carden v. Carden (N. C.) 22 Am. State Reports, 876; Moore v. Williams (S. C.) 10 L. R. A. 665; Webb v. Wheeler (Nebr.) 112 N. W. 369; Pacific Ry. Co. v. Perkins (Nebr.) 54 N. W. 45; Morgan v. Munes, 54 Miss. 308; Dorsey v. Kyle (Md.) 96 Amer. Decisions 617; Frost v. Brisbin (N. Y.) 32 Am. Dec. 427, (Notes).

Farrand was not a resident of South Dakota. Lawson v. Adlard (Minn.) 48 N. W. 1019; Weeb v. Wheeler, (Neb.) 112 N. W. 369; Long v. Ryan, 30 Gratt. 718; Stevens v. Ellsworth (Iowa) 64 N. W. 683; Brown v. Ashbaugh, 40 How. 260; Mandell v. Peet, 18 Ark. 236; Frost v. Brisbin, (N. Y.) 32 Am. Dec. 427 (Notes.).

*Hall, Alexander & Purdy,* for Respondent.

The preponderance of the evidence showed that the defendant was a resident of the State of South Dakota. The mere fact of defendant's transacting business in another State is not of itself sufficient to establish a domicile. 4 Ency. of Evidence, 858, citing Tuttle v. Woods, 88 N. W. 1056 (Ia.); Estopinal v. Michel, 46 Southern 907 (La.); Estopinal v. Vogt, 46 Southern 908 (La.); State v. Snyder, 82 S. W. 2; Barfield v. Coker. 53 S. E. 107 (S. C.).

To constitute the new domicile two things are indispensable: First, residence in the new locality; second, the intention to remain there. Until the new one is acquired, the old one remains. Mitchell v. U. S. 21 Wall, 350, 22 L. Ed. 584; Botna Valley State Bank v. Silver City Bank, 87 Iowa, 479, 54 N. W. 472; Moffett v. Hill, 131 Ill. 239, 22 N. E. 821; Bangs v. Inhabitants of Brewster, 111 Mass. 382.

A person's mere intention to remove (Mann v. Taylor 78 Iowa, 355, 43 N. W. 220; Lyle v. Foreman, 1 Dall. (Pa) 480, 1 L. Ed. 232; Wheeler v. Degman, 2 Nott & McC. (S. C.) 323), or preparations to send his family away (Stafford v. Mills, 57 N. J. L. 570, 31 Atl. 1023), or surrender of the premises where he has been living (Kugler v. Shreve, 28 N. J. L. 129), without an actual removal, does not change his status as a resident. Werner v. Linsinmeyer (Neb.), 94 N. W. 105; Shelby v. Zeigler, 98 Pac. 989 (Okla.); Note to Frost v. Brisbin, 52 Am. Dec. 423.

McCOY, J. [1] This is an appeal from an order vacating an attachment. It appears that the respondent, prior to the 27th day of July, 1913, was engaged in the restaurant business at Brookings, and on said date sold and disposed of his restaurant business, under an agreement not to engage in such business in Brookings for the period of one year; that on the 6th day of September, 1913, respondent broke up housekeeping in Brookings, rented his residence for the period of one year, stored his household goods in a room reserved in his residence, and removed with his family to Decorah, Ia., where he purchased a restaurant business and thereafter conducted such business and assumed a lease of the premises in which the same was conducted; that respondent rented a flat in the city of Decorah in which he resided with his family; that thereafter on the 23rd day of September, 1913, appellant caused a warrant of attachment to be issued and levied upon the property of respondent found within the state, upon the ground that respondent was then a nonresident of this state. Respondent moved to vacate such attachment upon the ground that he had not ceased to be a resident of this state, but was in Decorah only temporarily; that he intended to return to this state after operating said restaurant in Decorah for the period of four months; and that it never was his intention to remove permanently from this state. We are of the opinion that the attachment should not have been vacated,—that for the purposes of such attachment respondent was a non-resident of this state within the meaning of the attachment laws. When construing statutes relating to attachment proceedings against non-residents, a clear distinction has been recognized between actual residence and legal residence, the latter having been generally deemed the domicile,

and not the residence contemplated. Lawson v. Adlard, 46 Minn. 243, 48 N. W. 1019; Hanson v. Graham, 82 Cal. 631, 23 Pac. 56, 7 L. R. A. 127. It seems to be generally held that a debtor cannot preserve a residence in the state, so as to defeat attachment proceedings, by virtue of a general intention to return, when he in fact resides in another state. This rule does not apply as to one on a mere transient journey for business or pleasure; but where one has a settled abode for the time being in another state for business purposes we are of the opinion that he should be treated as a non-resident of this state, within the meaning of the attachment law.

Respondent had no dwelling place within this state, where process could be left in the presence of one or more of the members of his family, nor a place of abode in the family of another where process could be left, as provided in section 110 Code Civ. Pr. This seems to be a matter properly to be taken into consideration when considering who is a non-resident within the meaning of the attachment laws. Pech. Mfg. Co. v. Groves, 6 S. D. 504; 62 N. W. 109. Hanson v. Graham, supra. Lawson v. Adlard, supra. Webb v. Wheeler, (Neb.) 112 N. W. 369. Cousins v. Alworth, 49 Minn. 505, 47 N. W. 169; 10 L. R. A. 504 and note. Monroe v. Williams, 37 S. C. 81, 16 S. E. 533; 19 L. R. A. 665 and note.

[2] It is claimed by respondent that the attached property is exempt from levy under execution. We do not decide that question as it is not one that properly arises upon a motion to dissolve an attachment. Pech. Mfg. Co. v. Groves, 6 S. D. 504, 62 N. W. 109. We do not decide that residence under exemption proceedings is measured by the same rule as in attachment proceedings.

The order appealed from is reversed.