BREKKE, Appellant, v. WAITE, Respondent.

(153 N. W. 901.)

(File No. 3823. Opinion filed August 7, 1915.)

1. **Appeals—Appellant's Brief, Default in Filing—Relief From Default—Objection That Appeal Unavailing Under Brief—Consideration of Brief Though Stricken From Files—Respondent's Willingness.**

Upon an appeal to the Supreme Court from an order dissolving an attachment, held, that, upon appellant's motion to be relieved from his default in timely filing of brief, which had already been stricken from the files for irregularity in another respect, yet, in view of respondent's contention, in resisting the motion, that the appeal is lacking in sufficient grounds and that, were the brief allowed to be filed, appellant could not prevail upon the appeal, the Court will, in view of respondent's willingness evidenced by said contention, examine the brief in connection with the merits of the appeal; the brief, although not on file, having been made part of moving papers, and the showing for its reinstatement being deemed sufficient, save in respect to its sufficiency on the merits.

2. **Attachment—Motion to Dissolve—Grounds, Definiteness of Statement of, Sufficiency—Affidavits on Motion, Reference to.**

A motion to dissolve an attachment, made on grounds (1) that it was irregularly issued, and (2) that it was improvidently granted, is good as against the objections that irregularities were not specified and that no particulars wherein the warrant had issued were stated, but merely referred to the affidavits accompanying the motion.

3. **Attachment—Motion to Dissolve—Non-Residence—Departure to Defraud Creditors—To Avoid Summons—Evidence, Sufficiency.**

Upon an appeal from an order dissolving an attachment, held, that the evidence shows that defendant at time of issuance of warrant of attachment was a resident of this state; that he did not depart from this state with intent to defraud crediors, nor with intent to avoid service of summons; that his

temporary departure therefrom was pursuant to physician's advice, he being almost completely prostrated, and both mentally and physically ill owing to pressure of business affairs, and before leaving having used every effort to turn over to a trustee for equal distribution to his creditors all his property save his exemptions.

4. **Attachment—Dissolution of—Fraudulent Transfer—Trust Property—Good Faith Transfer—Fraud in Law, Fraudulent Intent, Distinguished.**

Upon appeal from an order dissolving an attachment, held, that, it appearing from the evidence that the transfers in question were of property not owned by defendant but held in his name for others, some of the property being also in possession of the real owners, the transfers having been made to or for the real owners, they were wanting in the essential element of intent to defraud, although, looked at from appellant's most favorable viewpoint, they might amount to constructive fraud, or fraud in law.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by J. A. Brekke against William W. Waite, for a money judgment, in which an attachment was issued and dissolved. From the order dissolving the attachment, plaintiff appeals, and moves for relief from a default in timely filing of brief on appeal; the brief having been stricken from files upon other grounds. Motion denied, and order affirmed.

*Albert Gunderson,* for Appellant.

*Gaffy, Stephens & Fuller,* for Respondent.

(2) Under point two of the opinion, Appellant cited: Freeborn, Goodwin et al. v. Glazer, 10 Calif. 337; Casket Company v. Barfield, 73 S. C. 179, 53 S. E. 174; Payne v. First National Bank, 16 Kan. 148; Omaha Upholstering Company v. Chauvin Fant Furniture Company, 45 Pac. 1087; Hornick Drug Company v. Lane, 1 S. D. 129.

GATES, J. [1] This is an application of plaintiff, appellant, to be relieved from his default in failing to file his brief within the time provided by law. The appeal is from an order dissolving an attachment. Appellant considering that such an appeal was governed by the procedure relative to the settlement of the record in the case of the trial of causes, presented his briefs to the clerk for filing within the time requisite under such procedure, and the

same were filed on July 3, 1915. Thereafter respondent, upon a hearing before this court, obtained an order striking the briefs from the files. Said order was granted for the reason that upon an appeal from an order the procedure relative to the settlement of a record prescribed by chapter 178, Laws 1913, does not apply. Thereupon appellant has asked to be relieved from his default. He has shown to us, reasons which ordinarily would be deemed sufficient, and are sufficient save in one respect. It is urged by respondent that the appeal is lacking in good and sufficient grounds therefor, that even if the briefs were allowed to be filed, the appellant could not prevail upon his appeal, and that the delay incident thereto will be prejudicial to the rights of respondent and of his creditors. This contention is supported by facts tending to show that appellant has obtained judgment on his claim and is proceeding to sell the attached property under execution. In view of that contention, it is proper, and we deem it our duty to examine appellant's brief, which, although stricken from the files, is made a part of his moving papers. Surely if respondent is willing and anxious to have the cause submitted upon appellant's brief, such submission cannot prejudice appellant.

It is conceded that appellant has a valid claim against defendant, but the grounds upon which the warrant of attachment was issued were in all things denied. These grounds were: (a) that defendant is not a resident of this state; (b) that defendant has departed therefrom with intent to defraud his creditors; (c) that defendant has departed therefrom with intent to avoid the service of summons; (d) that defendant has assigned and disposed of, and is about to assign and dispose of, and secrete his property with intent to defraud his creditors.

[2] Respondent's motion to dissolve the attachment was based upon two grounds: First, that it was irregularly issued; and, second, that it was improvidently granted. It is first objected by appellant that respondent's motion to dissolve the attachment was indefinite in that it did not specify any irregularities and did not specify any particulars wherein the warrant had been issued improvidently, but merely referred to the affidavits accompanying the motion. Several authorities are cited in support of this claim, but we think, under the decision of this court in

Howell v. Dinneen, 16 S. D. 618, 94 N. W. 698, such claim is clearly untenable, and that the motion was sufficiently definite.

[3] Taking up the grounds of attachment, we are satisfied beyond question that the respondent was, at the time of the issuance of the warrant and for many years had been and still is, a resident of Blunt, in the county of Hughes, in the state of South Dakota.

The evidence clearly does not support the claim that defendant departed from this state with the intent to defraud his creditors, nor is it sufficient to overturn the conclusion of the trial court that he did not depart therefrom with intent to avoid the service of summons upon him. It clearly appears that he left the state temporarily pursuant to the advice and persuasion of his physician. It clearly appears that upon the taking over the affairs of the Hughes County Bank by the state banking department, the defendant, who was and had been for years the president of said bank, was almost completely prostrated and was ill both mentally and physically; that before his departure he caused to be sent to all his creditors a complete list of his assets and liabilities, and urged that his creditors appoint a trustee to whom all of his property, except his exemptions, might be conveyed for their benefit. While it does appear that the effect of his absence was that service of proceess could not be made upon him in South Dakota during the period of his absence, yet that does not tend to support the view contended for by appellant. The distinction between absence upon a transient journey and absence accompanied with a settled abode for the time being is pointed out in Culhane Adjustment Co. v. Farrand, 34 S. D. 87, 147 N. W. 271. In Wade on Attachment & Garnishment, § 88, the author considered generally the subject of the avoidance of process. He said:

"The statutes are, for the most part, so worded that the act, coupled with the intent, whether it be by secreting, fleeing, assuming a false name, or a disguise of the person, or by standing in defiance of the officer, will suffice. But the act itself without the intent to avoid process, however it may result for the time being, will not, as a general rule, render the property of the debtor attachable."

In Morgan v. Avery, 7 Barb. (N. Y.) 656, the question of

intent to avoid the service of summons by departure from the
state was ably considered.   Tested by the rules laid down in that
case, wherein the attachment was sustained, and taking into con-
sideration the fact that defendant was using every effort to have
all of his property, except his exemptions, turned over to a
trustee for equal distribution among all of his creditors, we are
unable to say that the evidence produced in this case is sufficient
to warrant us in overturning the determination of the trial court
that defendant did not depart from the state with intent to avoid
the service of summons.

[4] It is claimed that because, since the time of his departure
from the state and before the issuance of the warrant of attach-
ment, the defendant made certain transfers of property, it is satis-
factorily shown that the trial court erred in dissolving the attach-
ment.   The transfers finally relied upon by appellant are three.
It appears that in March, 1915, defendant assigned to J. M.
Lobaugh, certain notes and mortgages in the sum of $46,599.15.
It satisfactorily appears that these notes and mortgages, while
taken in the name of defendant, were owned by and in the pos-
session of the Blue Island State Bank of which the said J. M.
Lobaugh was president.   It appears that defendant conveyed to
the Hughes County Bank 320 acres of land in Hughes county.
It satisfactorily appears that defendant held title to said land
merely as trustee for said bank to secure certain indebtedness due
from C. L. Eakin and W. H. Condon to said bank.   It appears
that in November, 1914, nearly two months prior to the closing
of the bank, defendant assigned a $10,000, mortgage upon land
in Monona county, Iowa, to the Mapleton State Bank, which as-
signment was not recorded until January 2, 1915.   It satisfactorily
appears that said mortgage was not owned by defendant, al-
though it stood in his name, but was owned by one Andrew
Nelson, and was held in defendant's name for convenience; that
upon making said assignment, defendant borrowed the proceeds
of said assignment from said Nelson and gave his note therefor,
which note is listed as a part of the liabilities of defendant.   It
may be observed that it does not appear that this is a proceeding
to subject such assigned property to the payment of any debt
incurred upon the strength of the apparent ownership thereof in
defendant.   While these transactions, if looked at from the view-

point most favorable to appellant, might amount to constructive fraud or fraud in law, they are entirely wanting in the essential element of intent to defraud. In First Nat. Bank v. McMillan, 9 S. D. 227, 68 N. W. 537, this court said:

"As fraud in law is insufficient to warrant or sustain an attachment, under a statute like ours providing, in effect, that the accomplished or contemplated act of the debtor must be with the intent to defraud, hinder, or delay creditors, a sale or assignment, made or attempted by a debtor acting without moral turpitude, and in the utmost good faith, cannot, though in legal effect fraudulent and void, be made the basis for an attachment. Trebilcock v. Mining Co., 9 S. D. 206, 68 N. W. 330; 1 Wade, Attachm. 96; Commission Co. v. Druley, 156 Ill. 25, 41 N. E. 48, 30 L. R. A. 465; Shinn, Attachm. 167."

We are satisfied from the evidence that defendant acted in these matters in the utmost good faith.

We are satisfied that the evidence submitted upon the motion to dissolve the attachment justified the trial court in granting such motion.

The motion for leave to file appellant's briefs is denied.

Inasmuch as this decision leaves appellant without further remedy upon this appeal, the court does now, of its own motion, affirm the order appealed from.