## BRUNSWICK HARDWARE COMPANY *v.* BINGHAM.

A paper purporting to be an affidavit attested by a person as a notary public in another State, with nothing to authenticate his official character as such, should not be treated as an "affidavit" authorizing the proceedings prescribed by section 1902 of the Civil Code for perfecting service in certain cases against corporations.

Submitted March 27, — Decided April 21, 1899.

Motion to set aside judgment. Before Judge Sweat. Glynn superior court. February 28, 1898.

*J. H. Martin, George Bright* and *Courtland Symmes*, for plaintiff in error. *Toomer & Reynolds*, contra.

LITTLE, J. The Brunswick Hardware Company filed a motion in the superior court of Glynn county, in which it set out the facts, that it was a corporation domiciled in said county; that George L. Bingham resided in the State of Michigan; that on the 13th day of August, 1896, Bingham filed in said court his action against petitioner, to recover a judgment on a promissory note for the principal sum of $1,537.70, which was dated August 22, 1890, payable on demand; that the usual process was issued; that on this petition the sheriff made the following return: "The defendant corporation has no public place of doing business in the county of Glynn, nor has it in office, within my knowledge, any officer or agent upon whom service of this writ could be perfected. This 13th day of August, 1896." That after this return, on August 19, 1896, a paper was filed with the clerk of the court, as follows:

"State of Michigan, County of Wayne.

"In person appears George L. Bingham, who on oath says,

that he is the complainant at law in a certain suit upon a certain promissory note, now pending in the superior court of Glynn county, Georgia, against the Brunswick Hardware Company; that said defendant corporation has not, within deponent's knowledge, any public place for doing business, and has not in office any individual upon whom service of writs or processes may be perfected.    [Signed]    George L. Bingham."

"Sworn to and subscribed before the undersigned, this 15th day of August, A. D. 1896.    Thomas Hislop, Notary Public, Wayne County, Michigan."

That immediately subsequent to the filing of this paper the clerk issued a citation directed to the defendant Brunswick Hardware Company, setting out the fact of the return of the sheriff and the filing of the affidavit above set out, and requiring the defendant to appear at the next term of the superior court of said county to answer.    That this citation was published in a newspaper in the city of Brunswick on the 3rd, 10th, 17th, and 24th days of November, 1896.. That on the 19th of May, 1897, the judge presiding in Glynn superior court passed an order reciting the filing of the foregoing affidavit, the issuance of the citation and its publication, and then adjudged that service of the declaration and process had been perfected upon the defendant in terms of law.    That subsequently, at the May term, 1897, a judgment by default was taken against the defendant for the principal and interest of the note sued on.    Movant further averred that it never received any notice or information of said cause, or of said judgment, until after the adjournment of the May term, 1897, of said superior court. It moves the court to set aside said judgment, on the grounds, that it was not served, that it did not appear and plead, that it had no notice of the cause or the judgment rendered therein, and that the paper referred to as an affidavit as a basis for the citation which was issued was in law no affidavit and did not authorize the issuing and publication of the citation, and therefore the judgment rendered on the 19th of May was rendered erroneously.    The movant by amendment further alleged that it had a good and valid defense to the action, to wit: that the note sued on was fully paid off and discharged

prior to the time the action was instituted, and that if it had been notified as provided by law, or served, it could and would have interposed and successfully prosecuted said defense; and alleges that it stands ready and offers now to plead to the same if the judgment is set aside. The respondent demurred to the petition. It does not appear, however, from the record, that this demurrer was passed on by the court. Respondent also answered the petition, attaching a copy of the entire record, and denied every allegation of the petition, except those supported by the record. On the 28th of February, 1898, the judge of the superior court of Glynn county overruled the motion. Movant excepted.

It is provided by section 1902 of the Civil Code, that where a corporation has no public place for doing business, or no individual in office upon whom service of writs, etc., may be perfected, the plaintiff may make an affidavit of such facts, and on this being filed in the clerk's office of the court where the writ is made returnable, a citation may issue and be published three weeks, and such publication shall be held a service upon such corporation for all purposes. The paper alleged to be an affidavit substantially met the requirements of the statute, and the only question which arises is, whether that paper was such a legal affidavit as would furnish the basis for a citation to issue. It is ordinarily necessary that the defendant should be served with process, either personally or by leaving a copy at his place of abode, so that he may have an opportunity to answer the complaint made against him, and have the merits, not only of the complaint but of his defense as well, passed on by the court; and ordinarily judgments without such service are void and without binding force. Corporations are served with process, ordinarily, by delivering a copy to some officer designated by the statute. Where, however, a corporation has no place of doing business and there is no known person on whom service of process may be perfected, some method ought, in justice to creditors, to be devised by which persons who hold demands against it may have their rights enforced by a judgment. It is for these reasons that the statute provides a method for reaching such defendants. In order, however, to accomplish

the purpose and render service by publication valid, the provision of the statute must be fully complied with. As a basis, the plaintiff must make an affidavit that the corporation has no public place of doing business, or no individual in office upon whom service may be perfected. A written statement to this effect does not authorize the service by publication, and when it is required that an affidavit shall be made, reference is had to an affidavit which is legal and valid in contemplation of law. Certain officers in this State—justices of the peace, notaries public, etc., —are given the power by our law to administer oaths. Except, however, in one class of cases, we are not aware that our statutes have provided that affidavits made before officers of other States, without authentication of their official character, can be considered affidavits for legal purposes. It is provided by section 5060 of the Civil Code, that all answers, pleas or defenses in any court in this State shall be held to be sufficiently verified when the same are sworn to before certain officers of the State where the oath is made, or any other officer of such State who is authorized to administer oaths, and that the official attestation of such officer shall be prima facie evidence of his official character and that he was authorized by law to administer oaths. The paper filed in this case as an affidavit was neither a plea nor defense, and the statute referred to confines such verification to pleas or defenses. We can readily see some ground for relaxing the rule in affidavits of this character, because such affidavits only extend to a matter of defense against some claim brought against the person making the affidavit, and they can only serve as a basis for the introduction of evidence upon which the court or the jury will adjudicate the rights of the parties. In the present case the paper purported to have been verified before a person who signed himself Notary Public, Wayne County, Michigan. There was no authentication, other than his own signature, of the fact of the official character of the person who verified the paper. So far from this paper forming a basis of defense, it was a paper which, if properly verified, would have a very far-reaching effect and contravene the rules of law as to service of process in cases generally. It formed the basis of the service

of a writ against a resident of the county in which the suit was pending, by publication in a newspaper. It was therefore original in its character, and important in the results which it accomplished.

In the absence of statutory requirements on the subject, the rule has been laid down to be, that foreign affidavits may generally be made before any officer of another State or county authorized by its laws to administer an oath, and are generally duly authenticated if they are subscribed by such officer and there is annexed to them a certificate of the clerk or other officers of a court of record of such State or county, under an official seal, verifying the genuineness of the signature of the first-mentioned officer and his authority to administer an oath. This court in a number of cases has had occasion to deal with the question as to what affidavits executed out of the limits of this State are sufficiently verified. In *Behn* v. *Young*, 21 *Ga.* 207, it was ruled that an affidavit taken outside of the State and lacking the authentication of the official character of the person administering the oath can not be recognized. In *Charles* v. *Foster*, 56 *Ga.* 612, it was ruled that a claim affidavit which purported to have been executed in another State could not be received by a levying officer in this State without authentication. And in the case of *Castellaw* v. *Blanchard*, 106 *Ga.* 97, this court ruled that where an affidavit filed for the purpose of relieving the plaintiff in error and his counsel from the payment of costs in this court was executed before an official of another State, and there was no authentication of the official character of such officer, the affidavit would not be regarded. Tested, therefore, by the general rule which obtains, and prior decisions of this court, the paper filed by the defendant in error in the superior court of Glynn county, to obviate the requirements of the ordinary rule as to service of process, must fail, because it was not an affidavit in the sense of the statute. The citation was not authorized by law; the order declaring service had been made in terms of the law was erroneous; and the judgment against the plaintiff in error should have been set aside, and it have been allowed to plead to the merits of the case.

<em>Judgment reversed. All the Justices concurring.</em>