### NORTH STAR LUMBER CO. v. JOHNSON et al.

(District Court, D. Oregon. April 15, 1912.)

No. 3,719.

1. QUIETING TITLE (§ 24*)—ACTIONS—SUIT IN EQUITY.

An action at law under L. O. L. Or. § 325, authorizing an action to recover real property against the person in the actual possession or against the person acting as the owner thereof when the property is not in the actual possession of any one, takes the place of the action of ejectment, and an action may be brought against a person acting as the owner where the property is not in the actual possession of any one, but where a bill to quiet title alleged that the land in controversy was vacant, and there was nothing to show that it had ever been improved or cultivated by defendant, or that he had exercised any control over it, a court of equity had jurisdiction to determine adverse claims, as defendant was not acting as the owner within the statute.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 57; Dec. Dig. § 24.*]

2. COURTS (§ 509*)—FEDERAL COURTS—JURISDICTION.

A federal court, though without jurisdiction, at the suit of a party to annul a judgment of a state court for error or irregularity appearing on the face of the record, has jurisdiction to entertain a bill to quiet title to real property or remove a cloud therefrom where the requisite diversity of citizenship exists, and in such a suit the court may inquire into the jurisdiction of a state court to render a judgment relied on by one claiming under it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1364–1371; Dec. Dig. § 509.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

3. COURTS (§ 371*)—FEDERAL COURTS—JURISDICTION—RIGHTS UNDER STATE STATUTES.

The right conferred by L. O. L. Or. § 516, authorizing any person claiming an interest in real estate not in the actual possession of another to sue another who claims an interest therein to determine conflicting claims, may be asserted and enforced in the federal court where there exists the requisite diversity of citizenship, or some other ground of equitable jurisdiction, and where it is alleged and proved that both parties are out of possession.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. § 371.*]

4. JUDGMENT (§ 17*)—PROCESS TO SUSTAIN—JURISDICTION OF NONRESIDENT DEFENDANT—SERVICE OF SUMMONS.

A state court in Oregon does not acquire jurisdiction over a nonresident defendant whose property has been seized under a writ of attachment issued in the action, unless summons is served on him in person or by publication, and a judgment without such service is void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 46–50, 52; Dec. Dig. § 17.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. PROCESS (§ 96*)—SERVICE BY PUBLICATION—CONDITIONS PRECEDENT.

The affidavit required by L. O. L. Or. § 56, authorizing an order for service of summons by publication on enumerated facts being made to appear by affidavit, is an essential requisite to a valid order for publication of summons, and no order can be made unless the requisite facts are made to appear by affidavit to the satisfaction of the court.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 108–120; Dec. Dig. § 96.*]

6. PROCESS (§ 96*)—SERVICE BY PUBLICATION—CONDITIONS PRECEDENT.

An affidavit made in a sister state before a notary public thereof, but not authenticated as required by B. & C. Comp. Or. § 819, providing that an affidavit taken in another state must be certified by a commissioner appointed by the Governor to take affidavits in such state, or by a court having a seal and clerk, before it can be used, is a nullity, and is not the affidavit prescribed by L. O. L. § 56, for an order for publication of summons.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 108–120; Dec. Dig. § 96.*]

7. JUDGMENT (§ 497*)—VALIDITY—COLLATERAL ATTACK.

Where a court was proceeding against one not within its territorial jurisdiction on a service of summons by publication, and the record showed that an essential step to such service was omitted, the presumption that proper service was made because of the recital in the judgment that defendant was duly served with summons would not be indulged in as against a collateral attack.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. § 497.*]

In Equity. Suit by the North Star Lumber Company against John W. Johnson and others. Decree for plaintiff.

James N. Davis and Veazie & Veazie, all of Portland, Or., for plaintiff.

Morgan & Brewer, of Hoquiam, Wash., for defendants.

BEAN, District Judge. This is a suit to quiet title to certain real property in this state which, it is alleged in the bill and admitted by the answer, is vacant unoccupied land, and not in the possession of either party to the suit, or any other person. Both parties deraign title through Aaron Johnson, the plaintiff, by deed from Aaron Johnson to Andrew Johnson dated May 21, 1904, and recorded June 7th of the same year, deed from Andrew to Aaron of date April 8, 1907, and recorded the 24th of the same month, a deed from Aaron to plaintiff of date February 21, 1907, and recorded April 24th. The defendant claims through a sheriff's deed, made in pursuance of a sale under an execution issued on a judgment recovered in the state court by the defendant against Aaron Johnson, a nonresident of the state, in an action at law commenced on April 1, 1907, and the attachment of the property in suit on that date as the property of Aaron, and the subsequent service of summons upon him by publication. The defendant by cross-bill affirms the validity of the judgment, sale thereunder, and the sheriff's deed, and asks to have his title quieted. It thus appears that the plaintiff is the owner of the property in controversy, unless the defendant acquired title through the sheriff's deed. The plaintiff insists that the judgment under which the defendant

claims is void and of no effect because (1) the defendant therein, Aaron Johnson, had no title or interest in the property attempted to be seized under the attachment at the time of the levy but that the title was then in Andrew Johnson; (2) that jurisdiction of Aaron Johnson in the action brought against him by the defendant in the state court was never acquired because the affidavit for an order for the publication of summons in such action was of no effect, since it was made outside of the state, and not before any officer or person authorized by the law to take the same. The defendant challenges the jurisdiction of the court to determine any of these questions because (1) the plaintiff has a plain, speedy, and adequate remedy at law by an action in ejectment; and (2) that the federal court will not assume jurisdiction to declare a judgment or decree of a state court void for error or irregularity appearing on its face.

[1] First. At common law an action in ejectment could be brought only against some person in the actual possession of the property, but under the Oregon statutes (section 325, Lord's Ore. Laws) an action to recover real property, which takes the place in this state of an action of ejectment, may be brought against a person acting as the owner thereof where the property is not in the actual possession of any one. It is averred in the bill, admitted in the answer, and conceded at the hearing that the land in controversy is vacant, and there is no evidence or claim that it has ever been improved or cultivated by the defendant or that he has exercised any control over it, and therefore he was not acting as the owner within the meaning of the section referred to, and a suit to determine an adverse claim could be maintained in a court of equity under the Oregon statute. McLeod v. Lloyd, 43 Or. 260, 71 Pac. 795, 74 Pac. 491.

[2] Second. It may be conceded that a federal court has not jurisdiction at the suit of a party to vacate or annul a judgment or decree of a state court or error or irregularity appearing on the face of the record. Nat. Surety Co. v. State Bank, 120 Fed. 593, 56 C. C. A. 657, 61 L. R. A. 394. But it has jurisdiction to entertain a bill to quiet title to real property or remove a cloud therefrom where the requisite diversity of citizenship exists. This has been from time immemorial one of the well-known functions of a court of equity where the remedy at law was inadequate, and in such a suit the court may inquire into the jurisdiction of a state court to render a judgment or decree which is relied upon and brought before the court by a party claiming the benefit thereof. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; Sharon v. Tucker, 144 U. S. 533, 12 Sup. Ct. 720, 36 L. Ed. 532; American Ass'n v. Williams, 166 Fed. 17, 93 C. C. A. 1; Bigelow v. Chatterton, 51 Fed. 614, 2 C. C. A. 402; Sanders v. Devereux, 60 Fed. 311, 8 C. C. A. 629; Williamson v. Berry, 8 How. 495–540, 12 L. Ed. 1170.

[3] The statutes of Oregon authorize any person claiming an interest in real estate not in the actual possession of another to maintain a suit against another who claims an interest or estate therein adverse to him for the purpose of determining such conflicting or adverse claim. Section 516, Lord's Ore. Laws. And this right may be asserted and enforced in the federal court where there exists the req-

uisite diversity of citizenship or some other ground of equitable jurisdiction, and where it is alleged and proved that both parties are out of possession. Holland v. Challen, supra; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167.

[4] Coming then to the merits, and passing the question as to the validity of the attachment in the action under which the defendant claims and assuming that it was sufficient to authorize the court to proceed in the action, it did not confer jurisdiction to render any judgment which could be enforced against the attached property. The attachment was merely auxiliary to the main action, and had nothing to do with the merits of the case or the jurisdiction of the court to try and determine it. By the ruling in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, proceeding in an action against a nonresident is ineffectual unless some property of the defendant is brought within the control of the court and subject to its disposition by writ of attachment, but the right in Oregon to adjudicate thereon is acquired not by the attachment and publication thereof, as was the case in Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931, but by the service of summons upon the defendant either in person or by publication. It is the service of the summons, and not the seizing of his property, that gives the court jurisdiction to establish by its judgment a demand against a nonresident, and to subject his property, brought within its control by attachment, to the payment of such demands. Bank of Colfax v. Richardson, 34 Or. 518, 54 Pac. 359, 75 Am. St. Rep. 664.

[5] It appears from the record that the defendant in the case of Johnson v. Johnson was a nonresident of the state. Service of summons was attempted to be made upon him by publication. Publication under the Oregon statute can be legally had only by an order of the court or judge thereof. No such order can be made unless the requisite facts are made to appear to the satisfaction of the court or judge by affidavit. Section 56, Lord's Ore. Laws. The affidavit is therefore an essential requisite to a valid order for a publication of summons. Without it there is no foundation upon which to base such an order. There is nothing upon which the court is authorized to act. In short, there is no jurisdiction to act at all. Galpin v. Page, 18 Wall. 350–359–372, 21 L. Ed. 959; Cohen v. Portland Lodge B. P. O. E., 152 Fed. 357, 81 C. C. A. 483; Johnson v. Miner, 144 Cal. 786, 78 Pac. 240.

[6] Now the affidavit upon which the publication is alleged to have been founded in this case was made in the state of Washington before a notary public of that state, and was not otherwise authenticated. The statute of Oregon then in force (section 819, B. & C. An. Laws) required that an affidavit taken in another state before it can be used here must be certified by a commissioner appointed by the Governor to take affidavits and depositions in such state, or by a court having a seal and clerk. The affidavit in question was not so authenticated. It was therefore a nullity, and the order of publication based thereon was ineffectual for any purpose. Fawcett v. Chicago R. Co., 113 Tenn. 246, 81 S. W. 839; Scull v. Alter, 16 N. J. Law, 147;

Murdock v. Hillyer, 45 Mo. App. 292; Brunswick Hardware Co. v. Bingham, 107 Ga. 270, 33 S. E. 56.

[7] It is claimed, however, by the defendant that this is a collateral attack upon the judgment, and, since it recites that it appears to the satisfaction of the court that the defendant was "duly served with summons," it will be presumed in this proceeding that proper service was in fact made although not shown by the record, but no such presumption will be indulged in where, as here, the court was proceeding against a party not within its territorial jurisdiction upon a service by publication, and the record discloses that an essential step necessary to such service was entirely omitted. Galpin v. Page, supra.

I conclude, therefore, that the judgment under which the defendant claims is void, and that the plaintiff is entitled to a decree as prayed for.