[S. F. No. 1507.   Department One.—September 29, 1900.]

## EUREKA MERCANTILE COMPANY, Appellant, v. CALIFORNIA INSURANCE COMPANY, Respondent.

CORPORATION—JUDGMENT IN ANOTHER STATE—JURISDICTION OF PERSON—CESSATION OF AGENCY.—Service. of summons in an action commenced in another state against a corporation of this state by delivery of process therein to a former agent of the corporation, which had ceased to do business in that state, and had no agency or agent therein at the time of such service, could not give jurisdiction of the person of the corporation to a court of that state; and a judgment based upon such service cannot create a right of action against the corporation in the courts of this state.

ID.—PROOF OF AGENCY—RECITAL IN JUDGMENT—ACTION UPON JUDGMENT—DISPROOF.—The recital in the judgment that "proof was made in open court that the person on whom service was made was agent of the defendant at the. time of the service of the summons and complaint on him," is not conclusive of the jurisdiction of the person of the corporation, and does not preclude the corporation, in an action upon the judgment, from showing that such person was not such agent.

ID.—STIPULATION OF PARTIES—DEFEAT OF PRESUMPTION.—The stipulation of the parties in the action upon the judgment that the person served was not an agent of the defendant at the time of the service, defeats any presumption arising from the recital of proof in the judgment.

ID.—RECITAL NOT RES ADJUDICATA.—The recital in the judgment rendered in the absence of the defendant is not res adjudicata, and cannot estop the defendant. No issue as to the agency for the defendant of the person served was presented to the court for determination.

ID.—REFUSAL TO SET ASIDE JUDGMENT—CONCLUSIVENESS NOT SHOWN.—The mere refusal of the court of the other state to set aside the judgment, on motion of the defendant at some subsequent date, not appearing, and upon grounds not shown, and which does not show that it had obtained jurisdiction of the defendant, and which refusal is no part of the judgment record, cannot be held to conclude the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Lloyd & Wood, for Appellant.

The respondent is precluded from obtaining judgment by the doctrines of *res adjudicata* and estoppel. (*Moch v. Virginia Fire Ins. Co.,* 10 Fed. Rep. 696; *Moulin v. Trenton etc. Ins. Co.,* 25 N. J. L. 57; *Michael v. Mutual Ins. Co.,* 10 La. Ann. 737; *Verneuil v. Harper,* 28 La. Ann. 893; *Bonsell v. Isett,* 14 Iowa, 309; *Capen v. Pacific Mut. Ins. Co.,* 25 N. J. L. 67.[1])

E. W. McGraw, for Respondent.

In an action upon a foreign judgment, the defendant may attack the jurisdiction of the court by evidence *dehors* the record. In an action on a foreign judgment defendant has a right to attack the jurisdiction of the foreign court by evidence *dehors* the record. (*In re Estate of James,* 99 Cal. 374-77[2]; *Greenzweig v. Strelinger,* 103 Cal. 278, 279; *Kingsbury v. Yniestra,* 59 Ala. 320.) Service of process upon a former agent of a corporation, who has ceased to be such, does not confer jurisdiction of its person. (Alderson on Judicial Writs, 192; *Amy v. Watertown,* 130 U. S. 301.) No valid judgment by default can be obtained against a foreign corporation which is not doing business in the state when summons is served, and such fact must appear by the judgment-roll; it cannot be proved *aliunde.* It does not appear by return of a sheriff that he served the summons on an agent of the corporation. (*St. Clair v. Cox,* 106 U. S. 350-60; *Henning v. Planters' Ins. Co.,* 28 Fed. Rep. 440; *United States v. American Bell Teleph. Co.,* 29 Fed. Rep. 17-35; Reno on Nonresidents, sec. 217, p. 261; *Sullivan v. Sullivan Timber Co.,* 103 Ala. 371.) In this case, however, it is agreed that the California Insurance Company was not doing business in Alabama when service was made.

HARRISON, J.—The plaintiff brought this action upon a judgment rendered in its favor against the defendant in the circuit court of the state of Alabama. Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

---

[1] 64 Am. Dec. 412.          [2] 37 Am. St. Rep. 60.

The defendant is a corporation organized under the laws of this state, with its office and principal place of business at San Francisco. In the action brought against defendant in the state of Alabama, service of process was made upon a person who had, at one time, been the agent of the defendant in that state, but who had ceased to be such agent prior to the time of said service, and at that time the defendant had ceased doing business in the state of Alabama and had no agency or agent within the state. Upon this service the defendant made default, and judgment was rendered against it for the amount claimed by the plaintiff.

Under these facts it must be held that the circuit court of Alabama did not obtain jurisdiction of the person of the defendant, and that the judgment entered against defendant did not create a right of action against it in the courts of this state. (*St. Clair v. Cox*, 106 U. S. 350; *Henning v. Planters' Ins. Co.*, 28 Fed. Rep. 440.) The jurisdiction of the Alabama court was an essential part of the plaintiff's cause of action herein, and it was incumbent upon the plaintiff to make proof of such jurisdiction in order to entitle it to judgment. The recital in the judgment that "proof was made in open court that George Eustice, on whom service was made in this cause, was agent of defendant at the time of service of the summons and complaint on him" is not conclusive of the jurisdiction of the court over the defendant, and does not preclude defendant from showing that Eustice was not such agent. (*In re Estate of James*, 99 Cal. 374[3]; *Greenzweig v. Strelinger*, 103 Cal. 278.) The stipulation of the parties herein in the court below, that he was not such agent at the time of service, defeats any presumption arising from such recital.

Neither can the contention of the appellant that the defendant is estopped from contesting the jurisdiction by reason of the fact that such agency was determined in the Alabama court, and is therefore *res judicata*, be maintained. The above recital in the judgment was without any appearance on the part of the defendant, and in its absence; nor was there any issue of such agency presented to that court for determination. The refusal of the court at a subsequent date to set aside the judg-

[3] 37 Am. St. Rep. 60.

ment, upon the motion therefor on behalf of the defendant, is no part of the judgment record, nor does it appear at what time the motion was made, or upon what ground the court based its refusal. Even if this action of the court could be considered, there is nothing in the record from which it can be held that there was any decision by it that it had obtained jurisdiction of the defendant. Its refusal to set aside the judgment may have been upon a question of procedure.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.