[S. F. No. 3091.   Department Two.—September 26, 1904.]

ROGER JOHNSON, Respondent, v. O. F. MINER et al., Defendants; McDONALD SPENCER et al., Appellants.

VOID TRUST TO CONVEY.—A trust-deed requiring the trustee to convey the land to certain children after the death of a child of the trustor is invalid and void.

ID.—LEVY OF ATTACHMENT—DELIVERY BY MAIL TO TRUSTEE.—The levy of an attachment in an action against the trustor, upon the land described in the void deed of trust, does not require any delivery of a copy of the attachment to the trustee, and the fact that a copy thereof was delivered to him by mail is immaterial if the levy was otherwise valid.

ID.—ATTACHMENT AGAINST NON-RESIDENT—AFFIDAVIT FOR PUBLICATION OF SUMMONS.—Though an attachment against the non-resident owner of the land is essential to give the court jurisdiction to render a valid judgment under which a sale of the land may be enforced by execution, yet the service of summons by publication is distinct from the proceedings by attachment, and an affidavit for publication need not state that a writ of attachment has been issued or levied. The attachment may be levied at any time before the service of the summons.

ID.—PROOF OF NON-RESIDENCE—INFORMATION AND BELIEF AS TO PLACE OF RESIDENCE.—Where the affidavit for publication of the summons positively states the non-residence of the defendant in the state, the fact that it stated his particular place of residence in another state, upon information and belief, does not affect the sufficiency of the affidavit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Seawell, Judge.

The facts are stated in the opinion.

Charles P. Eells, for Appellants.

Roger Johnson, Respondent, in pro. per.

GRAY, C.—Action to quiet title, with prayer for possession. Both parties deraign title to the disputed land from R. H. McDonald.

CXLIV. Cal.—50

The plaintiff claims title under an execution sale made to plaintiff's grantor in the suit of McGowan *v.* R. H. McDonald.

The defendants and appellants claim title by virtue of a deed executed by R. H. McDonald to the defendant Miner, in trust to hold and lease the land during the life of one Frank V. McDonald, and at his death to convey to the children of said Frank V. McDonald, and the children of the latter failing, to the children of Mrs. Mattie Spencer. Frank V. McDonald died childless, and the trustees thereafter conveyed to the four children of Mrs. Spencer pursuant to the trust. These four children are made defendants, and they bring this appeal from the judgment in plaintiff's favor and from an order denying them a new trial.

It seems to be conceded by appellants that the trust-deed through which they deraign title, being a trust to convey, is void under the decision in the Fair will case (132 Cal. 523 [1]). Their attack upon the judgment herein is directed towards the judgment in the case in which execution sale was made to plaintiff's grantor. It is contended that the judgment in that case is void for the reason that the court failed to obtain jurisdiction of the person of the defendant therein.

It appears that the judgment in McGowan *v.* McDonald is based upon a service of summons by publication, the defendant therein residing at the time out of this state. It is claimed that, the defendant residing out of the state, the court had no power or jurisdiction to order publication of summons until an attachment had been first duly levied on some real estate belonging to defendant and situated in this state. The affidavit for publication of summons in McGowan *v.* McDonald was filed May 28, 1895, and the order of publication was made the same day. The writ of attachment in the case was placed in the hands of the sheriff on May 25, 1895, and on the same day he filed a copy of it in the recorder's office; on May 29, 1895, he posted a copy upon the land, and on the 31st of the same month he mailed a copy to Miner, in whose name he certified the title stood. We do not think the power of the court to order publication of summons depended upon a previous levy of the writ of attachment. By the filing of the complaint the court acquired jurisdiction of the subject-matter of the action, and was thereby placed in a position

[1] 84 Am. St. Rep. 70.

where it could proceed to acquire jurisdiction of the person of defendant. The defendant being a non-resident of the state, the law required the issuance of a summons, the issuance of a writ of attachment, and valid levy of the same upon defendant's real estate situated in this state, also an order for publication of summons based upon the necessary affidavit and a due service of summons by publication. All these steps must be taken to give the court jurisdiction to enter final judgment against the defendant to the end that the said property of defendant might be applied in a lawful way to the satisfaction of the plaintiff's cause of action. But so far as the jurisdiction of the court is concerned, the order of these several steps is immaterial. The jurisdiction of the court to make the order of publication rests altogether upon the affidavit for publication showing the facts required by the provision of section 412 of the Code of Civil Procedure. It is not required in this section or elsewhere in the law that it shall be made to appear by affidavit or otherwise that a writ of attachment has been levied as a preliminary step to the order of publication, and it is not for the court to require anything in addition to the requirements of the code. The proceeding for the publication of summons is distinct and separate from the proceeding in attachment. The judgment against a non-resident is dependent upon both these proceedings, but neither of the proceedings is dependent upon the other. The defendant in the action will be presumed to know that he has property in the state, and service of summons by publication as directed by the code will serve as notice to him that if he does not appear and defend against the action, the plaintiff will not only take judgment against him, but he is liable to also take all such steps preliminary thereto as will make that judgment effective as against said property. He is bound to take knowledge of the code and know that the plaintiff can fully avail himself of the attachment law of the state without giving him any actual notice thereof. The case discloses a substituted service of summons as required by law and a levy of attachment as required by law prior to such service, and that is. all that was necessary.

In *Anderson* v. *Goff*, 72 Cal., at p. 69,[1] it is said: "Nor was it necessary to show by the affidavit that a writ of attachment

[1] 1 Am. St. Rep. 34.

had issued, or that the defendants had property in this state. Our statute gives the right to service of summons upon defendants in all cases where they are non-residents of the state, without reference to the fact of their having or not having property here. The effect of a judgment thus obtained is quite another thing.''

It may be well also to observe in this connection that our code does not limit either the issuance or levy of a writ of attachment to any particular time during the pendency of the action, but permits it to be issued ''at the time of issuing the summons, or at any time afterward.'' (Code Civ. Proc., sec. 537.) This section is general, and applies to cases where substituted service is had as well as to others.

Appellants next contend that there was no valid levy of the attachment in McGowan *v.* McDonald, for the reason that the sheriff mailed a copy of the writ to Miner, in whose name the property is claimed to have stood of record, instead of leaving it with him, as provided in subdivision 2 of section 542 of the Code of Civil Procedure. It is conceded by all parties, and correctly so, that a valid levy of the attachment was necessary to give validity to the judgment against the non-resident defendant. We think the levy of the attachment was valid. The deed from McDonald to Miner is conceded to have been void on its face for the reason that it was intended to establish a trust to convey. It could be seen, therefore, from the record that the deed was void, and that the property was not in the grantee named in the deed; but that in fact the property stood of record in the name of McDonald. This being so, the proper method of levying the attachment is to be found not in subdivision 2, but in subdivision 1 of section 542 of the Code of Civil Procedure, and it was entirely unnecessary to either leave with or mail to Miner a copy of the writ. It was sufficient to post the copy on the unoccupied premises after filing with the recorder, as is shown by the sheriff's return. In the absence of a showing to that effect, we will not presume that the title stood in the name of any person other than McDonald. Nor will we be bound by the certificate of the sheriff that the title stood of record in Miner's name when this certificate is contradicted by an inspection of the instrument placed in evidence by the appellants themselves, and upon which rests all the claim they have to the land in dis-

pute. It would be highly improbable to suppose that any valid or other deed than the one placed in evidence passed from McDonald to Miner. If any such other deed could have been found of record, appellants would have brought it forward as a link in the chain of title they were trying to establish.

Appellants further contend that the affidavit for publication of summons in McGowan *v.* McDonald is insufficient, in that the statements contained in the affidavit are upon information and belief. They quote from the affidavit as follows: "That at the time of the commencement of the action, and ever since, said defendant was and has been absent from the state of California, and residing out of said state; and now resides, as affiant is informed and believes, at Schenectady, in the state of New York."

It will be noticed that the statement in the above is positive as to fact of the defendant "residing out of said state."

The "information and belief" relates only to the then present place of his residence. As against the attack, which is here collateral, we deem the affidavit entirely sufficient to sustain the jurisdiction of the court to make the order of publication. The statute authorizing publication of summons requires only that it appear that the defendant reside out of the state. It is not a part of the ground for publication of summons that it shall appear where outside of the state the defendant resides. Nor was the statement of the non-residence of defendant contained in the affidavit given in the form of an opinion, but, on the contrary, it is a positive statement of the fact of residence out of the state.

We advise that the judgment and order be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.