[Civ. No. 709.   First Appellate District.—December 16, 1909.]

## MARY JANE SMITH, Respondent, v. THE SUPREME LODGE ANCIENT ORDER OF UNITED WORKMEN, Appellant.

JURISDICTION—VOID PERSONAL JUDGMENT AGAINST NONRESIDENT—SERVICE BY PUBLICATION.—In the absence of any attachment or seizure of property in this state against a nonresident defendant, the superior court has no jurisdiction to render a personal judgment against a defendant not within the state by service of summons by publication and mailing a copy to defendant addressed to its residence in another state.

ID.—ISSUANCE AND LEVY OF ATTACHMENT ESSENTIAL TO JURISDICTION—JUDGMENT, HOW ENFORCEABLE.—The issuance and levy of an attachment upon property of the nonresident within this state is essential before jurisdiction can be acquired to render any judgment at all, and then it can only be enforced against the property attached.

ID.—MOTION TO VACATE VOID JUDGMENT.—The nonresident defendant may appear specially for the purpose of moving to vacate the void personal judgment.

ID.—SERVICE OF SUMMONS BY PUBLICATION NOT TO BE VACATED—EXISTENCE ESSENTIAL TO JUDGMENT ENFORCING ATTACHMENT.—The service of the summons by publication cannot be vacated. Though it is independent of a proceeding by attachment, it is essential to a judgment enforcing an attachment. The judgment having been set aside, the plaintiff is still entitled to the remedy by attachment, if he can find any of the property of the defendant in the state upon which to make a levy.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate a judgment. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

D. S. Hirshberg, for Appellant.

Wilson T. Hume, for Respondent.

HALL, J.—Plaintiff brought this action to recover the sum of $2,000 upon the death of her husband, Michael H. Smith, in accordance with the terms of a certificate issued to said

Michael, by defendant, through a subordinate lodge located at Gold Hill, in the state of Nevada. The only service of summons was by publication and mailing. The affidavit for the order showed defendant to be a foreign corporation, with its principal place of business in the state of Pennsylvania, and without any managing or business agent, cashier or secretary within the state of California, and without any appointed agent or person upon whom service of summons could be had within said state. There was no writ of attachment issued, and of course no seizure or attachment of any property of defendant.

Plaintiff, however, took judgment by default on the twenty-seventh day of July, 1908, against defendant for the sum of $2,000. Thereafter, on the sixteenth day of October, 1908, defendant, appearing only for the purpose of its motion, gave notice of its intention to move the court to set aside and vacate the judgment, and to vacate and quash the service of summons. This motion was denied, and thereupon defendant appealed from such order.

It was proven without conflict upon the hearing of the motion that defendant was not doing business in the state of California, and had not done any for twenty years last past.

The contention of appellant is that, in the absence of any attachment or seizure of property of defendant within this state, the court obtained no jurisdiction in a purely personal action to render a personal judgment against a defendant not within the state, by service of summons by publication and mailing a copy to defendant addressed to its residence in another state.

This contention is sound. That a judgment so obtained in such a case is void for want of jurisdiction in the court over the person of defendant is the doctrine laid down in the much cited and leading case of *Pennoyer* v. *Neff*, 95 U. S. 714. Notwithstanding the publication of summons, jurisdiction to proceed is not obtained until the court has brought under its jurisdiction, by attachment or other proper procedure, property belonging to the defendant within the state. This is the rule established not only in *Pennoyer* v. *Neff*, 95 U. S. 714, but also in several cases decided in this state. (*Belcher* v. *Chambers*, 53 Cal. 635; *Anderson* v. *Goff*, 72 Cal. 65, [1 Am. St. Rep. 34, 13 Pac. 73]; *Brown* v. *Campbell*, 100

Cal. 635, [38 Am. St. Rep. 314, 35 Pac. 433] ; *De la Montanya* v. *De la Montanya,* 112 Cal. 101, [53 Am. St. Rep. 165, 44 Pac. 345] ; *Eureka etc. Co.* v. *California Ins. Co.,* 130 Cal. 153, [62 Pac. 393] ; *Johnson* v. *Miner,* 144 Cal. 785, [78 Pac. 240] ; *First National Bank etc.* v. *Eastman,* 144 Cal. 487, [103 Am. St. Rep. 95, 77 Pac. 1043] ; *Jameson* v. *Simonds Saw Co.,* 2 Cal. App. 582, [84 Pac. 289].)

The issuance and levy of the writ of attachment is an essential step to be taken before jurisdiction is acquired to render any judgment at all. And when jurisdiction is thus acquired the judgment can only be enforced against property previously attached. (See cases above cited.)

That a motion to vacate the judgment is the proper remedy is established by *De la Montanya* v. *De la Montanya,* 112 Cal. 101, [53 Am. St. Rep. 165, 44 Pac. 345].

The court should have granted defendant's motion to the extent of vacating and setting aside the judgment.

The action of the court, however, was right in refusing to set aside and quash the service of summons.

The service of summons and the issuance and levy of an attachment are both requisite to confer jurisdiction, but "The proceeding for the publication of summons is distinct and separate from the proceeding in attachment. The judgment against a nonresident is dependent upon both these proceedings, but neither of the proceedings is dependent upon the other." (*Johnson* v. *Miner,* 144 Cal. 785, [78 Pac. 240].)

The judgment being vacated and set aside, the plaintiff, if so advised, may yet procure the issuance and levy of a writ of attachment (Code Civ. Proc., sec. 537), provided property can be found upon which to make such levy.

The order appealed from is reversed, and the court directed to enter an order, vacating and setting aside the default of defendant and the judgment entered thereon, but denying its motion to quash the service of summons.

Cooper, P. J., and Kerrigan, J., concurred.