[Civ. No. 17013.   First Dist., Div. One.   Dec. 28, 1955.]

APOLLO BOTTLING COMPANY, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; LEHMANN PRINTING AND LITHOGRAPHING COMPANY (a Corporation), Real Party in Interest.

Mas Yonemura for Petitioner.

No appearance for Respondent.

Gavin McNab, Schmulowitz, Sommer & Wyman, Nat Schmulowitz, Peter S. Sommer and Ronald P. Klein for Real Party in Interest.

WOOD (Fred B.), J.—█ Petitioner sought a writ of mandamus under section 416.3 of the Code of Civil Procedure after denial of its motion to quash service of summons by publication in an action brought against it in the superior court by Lehmann Printing and Lithographing Company for money assertedly due upon an alleged contract, petitioner

claiming to be a New York corporation that never entered or did business in California and that the superior court of California had not obtained personal jurisdiction of petitioner.

The Lehmann Company, as the real party in interest, has filed its answer and return in which it states that in addition to serving summons by publication it "has taken and is presently in the course of prosecuting the procedural steps authorized by law to obtain quasi in rem jurisdiction over petitioner" by obtaining a writ of attachment in said action and causing it to be levied against property allegedly situate in this state and belonging to petitioner, a defendant not residing in this state, under the sanction of subdivision 2 of section 537 of the Code of Civil Procedure. In its memorandum of points and authorities the Lehmann Company "concedes that personal jurisdiction over the petitioner has not been secured in the present case, but on the contrary maintains that the procedural steps necessary to obtain quasi in rem jurisdiction have been properly initiated," citing, among other authorities, *Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565]; *Johnson* v. *Miner*, 144 Cal. 785, 787-788 [78 P. 240]; *Anderson* v. *Goff*, 72 Cal. 65, 70 [13 P. 73, 1 Am.St. Rep. 34]; *Smith* v. *Supreme Lodge A.O.U.W.*, 12 Cal.App. 189, 190, 191 [106 P. 1102]; 1 Witkin, California Procedure, 360-361 and 367; and 13 Cal.Jur.2d, 595, Courts, section 85.

Upon the basis of the situation thus developed, petitioner at oral argument withdrew its request for a peremptory writ.

Accordingly, the alternative writ is discharged and the proceeding dismissed without prejudice to such subsequent steps and proceedings as petitioner may be advised to take.

Peters, P. J., and Bray, J., concurred.