[Civ. No. 26665. Second Dist., Div. Two. Nov. 5, 1962.]

WELLS ROOT et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; NACIONAL FINANCIERA, S.A., Real Party in Interest.

Sidney Barton for Petitioners.

No appearance for Respondent.

Richard H. Dunlap and Barnet M. Cooperman for Real Party in Interest.

Samuel B. Stewart, Kenneth M. Johnson and Theodore Sachsman as Amici Curiae on behalf of Real Party in Interest.

FOX, P. J.—This is an application for a writ seeking, *inter alia,* to restrain respondent court from making or entering any order quashing or dissolving a writ of attachment and from dismissing the action.

 Plaintiffs or their assignors were respectively the screen writer, cinematographer, the director and principal players in a motion picture, "Stronghold," produced in Mexico in 1950-51 who rendered services on the picture under contracts between them and the Mexican production company, Filmadora Internacional S.A., a corporation, not sued herein. The plaintiffs received that portion of their compensation that became payable during the course of production. They sue,

however, for certain contingent deferred compensation which was to be paid when the gross receipts reached $100,000.[1]

The defendant, Nacional Financiera, S.A., describes itself as "a commercial banking corporation organized and existing under the laws of the federal district of the Republic of Mexico." Defendant held title to the picture "Stronghold" for the period from February 16, 1951, when it took an assignment from Banco Nacional Cinematografico S.A., which had financed a large portion of the picture, until May 18, 1951, when the defendant transferred all the rights in the picture to Producciones Mexico S.A., a private Mexican corporation.

Plaintiffs brought an action on their aforementioned contract and assignment for the collective balance of $142,375, less certain credits plus interest from 1951. Plaintiffs alleged in their complaint that defendant had knowledge of the rights of plaintiffs under the contract and that "defendant Financiera consented to and otherwise undertook performance thereunder unto plaintiffs. . . ." At the time plaintiffs filed the complaint in the superior court, they also applied, under section 539, Code of Civil Procedure, for an order to reduce their undertaking on attachment. Plaintiffs apprised respondent court that a proceeding in attachment in accordance with section 537, subdivision 2 et seq. of the Code of Civil Procedure was necessary to enforce their claims. Respondent court, through its presiding judge, following his examination of the complaint and application and finding good cause therefor, ordered the clerk to issue a writ of attachment on the filing of a declaration for attachment together with an undertaking by a qualified surety corporation in the amount of $10,000. Plaintiffs complied with the above conditions and a writ of attachment in the sum of $230,329.48 was issued.

Subsequently, the Sheriff of San Francisco County perfected a series of garnishments upon certain of defendant's assets within the State of California—specifically, the defendant's bank accounts at the Bank of America National Trust and Savings Association. At least $130,692.33 was so seized and thus subjected to the compulsive power of the respondent court. No conflicting or adverse claims appear to exist with respect to the above amount held by the garnishee.

Thereafter, defendant filed a "notice of motion, per special appearance, for order quashing and dissolving attachment,

[1]They were also given certain rights to share in the net but these rights are not here involved because the picture was a failure and no net was ever realized.

and for dismissal of the action on ground of lack of jurisdiction over defendant, and intangible personal property of defendant, . . . '' Certain affidavits were filed with respondent court on behalf of both parties with respect to the said motion.

Later, plaintiffs served upon defendant a notice to plead and in due course, plaintiffs noticed a motion for entry of default against defendant. The trial court took the matter under submission and made two minute orders. The first designated defendant's appearance on its motion as special and granted both the motion to quash the attachment and the motion to dismiss the case. The second minute order denied plaintiffs' motion for an order entering defendant's default. Subsequently, the court, on its own motion, made two further orders: the first amended its prior minute order *nunc pro tunc* by staying the effectiveness of all proceedings for a period of sixty days; the second amended the minute order *nunc pro tunc* by changing the stay of execution theretofore granted ''to and including August 16, 1962.'' Although requested by plaintiffs to extend further its stay of execution, respondent court indicated that it would sign its final order dismissing the action and dissolving the attachment on August 13, 1962, unless restrained from doing so by an order of the appellate court.

This court issued an order to show cause why writ of prohibition, mandate, or other appropriate writ should not be issued and stayed all proceedings pending a hearing and determination thereof.

 A writ of mandate or prohibition is an appropriate remedy unless an appeal constitutes ''a plain, speedy, and adequate remedy.'' (Code Civ. Proc., §§ 1086, 1103; *Financial Indem. Co.* v. *Superior Court,* 45 Cal.2d 395, 399 [289 P.2d 233].) An appeal in the instant case would not be adequate for the reason that once the attachment is dissolved, there would no longer be a basis for jurisdiction. In such a case, there is always the clear danger that defendant will remove the assets beyond the jurisdiction of the court. In *Atkinson* v. *Superior Court,* 49 Cal.2d 338, 342 [316 P.2d 960], the court stated: ''[T]he remedy by appeal was not adequate because of the necessity of prompt action to prevent further movement of the funds out of the jurisdiction of the superior court.'' Further, plaintiffs show that they cannot make an undertaking in an amount double the amount of their

claims against defendant—$460,000, as required under Code of Civil Procedure sections 946 and 553.

 The majority rule and the rule in California is that an attack by defendant upon an attachment does not constitute a general appearance which would subject it personally to the jurisdiction of the court. In *Willett & Burr* v. *Alpert,* 181 Cal. 652 [185 P. 976], the court held that a general appearance is not necessary to make a motion to dissolve an attachment under the statutory grounds therefor. A dissolution of an attachment is not the type of relief that could only be granted on the hypothesis that respondent court has jurisdiction over its person; therefore, an appearance for that purpose only should not be considered a general appearance. Since no other basis on which personal jurisdiction could be founded is present herein, it necessarily follows that respondent court did not possess in personam jurisdiction.

Respondent court did, however, have quasi in rem jurisdiction by virtue of the attachment. It does not appear that the attachment is deficient in any aspect; there has been no contention that the attachment has been improperly or irregularly issued. On the other hand, it affirmatively appears that this is the type of case in which an attachment is proper under section 537, subdivision 2 of the Code of Civil Procedure. This subsection allows an attachment in those cases where (1) the action is upon an express or implied contract, and (2) the defendant is not residing in this state. Both requirements are satisfied in the case *sub judice.* While there is no privity of contract claimed by plaintiffs, the action being based on an assignment of a contract still falls within the scope of this section. Since defendant's motion is based solely upon lack of jurisdiction, the question as to whether the complaint states a cause of action is not before us and we do not decide it. It further appears that the attachment complied with all the procedural steps necessary under the code.

 In the case of nonresident defendants, attachment has the additional purpose of obtaining jurisdiction quasi in rem. (*Apollo Bottling Co.* v. *Superior Court,* 138 Cal.App.2d 203 [291 P.2d 52]; 1 Witkin, California Procedure, p. 888.) In *Security Sav. Bank* v. *State of California,* 263 U.S. 282 [44 S.Ct. 108, 68 L.Ed. 301, 31 A.L.R. 391], the United States Supreme Court stated (p. 287): "[T]he essentials of jurisdiction over the deposits are that there be seizure of the res at the commencement of the suit; and reasonable notice and opportunity to be heard. [Citations.] These requirements are

satisfied by the procedure prescribed in the statutes of California." Further, "Power over the person of the garnishee confers jurisdiction on the courts of the state where the writ issues." (*Harris* v. *Balk*, 198 U.S. 215, 222 [25 S.Ct. 625, 49 L.Ed. 1023].)

In the instant case, the defendant had actual notice of the proceeding and a full opportunity to be heard; in fact, defendant made an appearance, deemed special, manifesting a consciousness of the action and demonstrating its opportunity to be heard. "Traditional notions of fair play and substantial justice" are met where the adequacy of substituted service is reasonably calculated to give a nonresident defendant actual notice of the proceeding and an opportunity to be heard. (*Milliken* v. *Meyer*, 311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357].) ■ Moreover, the jurisdiction of the court in a proceeding in attachment is wholly independent of the jurisdiction acquired by the service or publication of the summons. (*Johnson* v. *Miner*, 144 Cal. 785 [78 P. 240].)

In support of its position defendant relies on *Atkinson* v. *Superior Court*, 49 Cal.2d 338 [316 P.2d 960], *Cosper* v. *Smith & Wesson Arms Co.*, 53 Cal.2d 77 [346 P.2d 409], and *Fisher Governor Co.* v. *Superior Court*, 53 Cal.2d 222 [1 Cal. Rptr. 1, 347 P.2d 1]. These cases are concerned with questions regarding in personam jurisdiction and the minimum "contacts" necessary to achieve it and thus were not concerned with quasi in rem jurisdiction acquired by proceeding in attachment. It follows, therefore, that these cases are not applicable to the case at bench.

■ The doctrine of *forum non conveniens* is not persuasive in the factual context of the instant case, especially considering the fact that jurisdiction herein is quasi in rem in nature and based upon a valid and proper attachment. To hold otherwise would be to provide a debt-free haven for nonresidents who desire to hold and maintain assets in California while not subjecting themselves to California jurisdiction—even as against the claims of California residents. This is not the policy nor the law in this state. If it is convenient to hold and maintain property within the state, it should be convenient to defend that property within the state when the need arises. In such circumstances as are herein present, the fair and orderly administration of the laws fully justifies subjecting defendant to the jurisdiction of our courts to the extent of the property seized in this state.

It is ordered that a writ of prohibition issue to prohibit

respondent court from dissolving the writ of attachment or dismissing the action.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied December 4, 1962, and the petition of the real party in interest for a hearing by the Supreme Court was denied January 3, 1963.