[Civ. No. 36941. Second Dist., Div. Four. Feb. 23, 1971.]

NATIONAL GENERAL CORPORATION, Plaintiff and Respondent, v. DUTCH INNS OF AMERICA, INC., Defendant and Appellant.

## COUNSEL

Rich & Ezer and Mitchel J. Ezer for Defendant and Appellant.

Wyman, Bautzer, Finell, Rothman & Kuchel and Charles M. Stern for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—On December 1, 1969, National General Corporation commenced an action against Dutch Inns of America, Inc.,[1] alleging it to be a Florida corporation transacting business in California. The complaint sought rescission of an agreement and restoration of $500,000 paid by plaintiff thereunder to defendant, pursuant to the parties' written loan agreement which plaintiff allegedly had been induced to execute because of defendant's false representations.[2] According to the terms of a promissory note for $500,000 executed by defendant in conjunction with the agreement, the principal amount was payable in four annual installments of $125,000 each, commencing July 1, 1970, with interest payable quarterly commencing July 1, 1969. The note provided that all payments of principal and interest were to be made at plaintiff's office in Los Angeles. Plaintiff alleged that defendant had made only one interest payment (on October 1, 1969) and, pursuant to the terms of the agreement, had paid no portion of the principal amount. It was further alleged that as "partial security" for payment of the principal, defendant had assigned to plaintiff its 20-year leasehold interest in a "Dutch Inns Motel" located in Collinsville, Virginia.

At the time of filing the complaint, plaintiff also filed a declaration for attachment against a nonresident (Code Civ. Proc., §§ 537, subd. 2, 538) and an undertaking on attachment (Code Civ. Proc., § 539). In its declaration, plaintiff alleged: defendant was a foreign corporation, and was indebted to plaintiff in the sum of $500,000 "upon an implied contract for the direct payment of money, to-wit: money had and received for the use and benefit of plaintiff"; such contract was made or was payable in California; and payment of the contract had not been secured by any "mortgage, deed of trust, or lien upon real estate or personal prop-

---

[1]Also named as defendants were three Dutch Inns' officers and directors. These defendants were not served and did not file an answer or otherwise appear. Their designation as defendants is immaterial to the determination of this appeal.

[2]The complaint contained two causes of action: (1) for rescission and restoration of the consideration, and (2) for money had and received.

erty, or any pledge of personal property, except for partial security" in the form of defendant's assignment of its leasehold interest in the Virginia motel.

A writ of attachment issued, directed to the sheriff of Monterey County, California (Code Civ. Proc., § 540). Pursuant to the writ, on December 4, 1969, the sheriff attached defendant's leasehold interest in real property in Monterey County and the "improvements thereon," consisting of defendant's motel.

Defendant demurred to the complaint and, on February 24, 1970, moved to discharge the attachment on the ground the contract which was the subject of the action was secured. The motion was denied April 3, 1970.

Defendant appeals from this order (Code Civ. Proc., § 904.1, subd. (e)), contending: (1) California law does not permit the attachment of a nonresident defendant's property in an action upon a *secured* contract for the direct payment of money; and (2) if the law does permit such a result, it is invalid because it denies equal protection of the laws to a nonresident.

Code of Civil Procedure section 537 provides in part: "The plaintiff . . . may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered . . . in the following cases: 1. In an action upon a contract, express or implied, for the direct payment of money, (a) where the contract is made or is payable in this state . . . and where the contract described in . . . (a) . . . is not secured by any mortgage, deed of trust or lien upon real or personal property, or any pledge of personal property [an action for rescission and the relief authorized by Civ. Code, § 1692 is 'deemed an action upon an implied contract']. . . . 2. In an action upon a contract, express or implied, against a defendant not residing in this state. . . ."

■ Appellant concedes that, as a corporation organized under the laws of Florida, it is a nonresident within the meaning of this statute. *Title Ins. etc. Co.* v. *California Dev. Co.* (1915) 171 Cal. 173, 218 [152 P. 542]. Appellant contends, however, that even though it is a nonresident, its property may not validly be attached because: the declaration of attachment alleges, and the record shows, that this is an action upon a contract "for the direct payment of money"; subdivision 1 of section 537 expressly applies in such an action, and is not restricted in its terms to attachments against residents; therefore, subdivision 1 is controlling in this case and prevents attachment of appellant's property because security was given for the payment of the contract.

This construction of section 537 is untenable. It was held long ago that

"the limitation of the right of attachment to actions upon unsecured contracts applies only where the defendants reside in this state." *Title Ins. etc. Co.* v. *California Dev. Co., supra,* 171 Cal. at page 217. Accord: *Kohler* v. *Agassiz* (1893) 99 Cal. 9, 12 [33 P. 741]; 2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, page 1564, section 142; 5 Cal.Jur.2d Rev. 786, 827, Attachment and Garnishment sections 27, 56.

An attachment lies in all actions upon a contract, express or implied, when the defendant is not a resident of this state. *Warner Mfg. Co.* v. *Standard etc. Co.* (1950) 97 Cal.App.2d 494 [218 P.2d 131]; *Nutzel* v. *Kozdron* (1944) 64 Cal.App.2d 908, 910 [149 P.2d 411]. The words "for the direct payment of money" found in subdivision 1 relate only to actions against resident defendants. *Hale Bros.* v. *Milliken* (1904) 142 Cal. 134, 138 [75 P. 653]. As expressed in *Kohler* v. *Agassiz, supra,* 99 Cal. at page 12: "The several subdivisions of section 537 of the Code of Civil Procedure provide that the plaintiff may have the property of the defendant attached 'in an action upon a contract, expressed or implied, against a defendant not residing in this state.' In the case of resident defendants, the right to the writ is given only in cases of contract made or payable in this state, *and other limitations are prescribed which are not applicable in the case of non-resident defendants.*" (Italics added.)

In support of its interpretation of section 537, appellant quotes the following language from *Stanford Hotel Co.* v. *M. Schwind Co.* (1919) 180 Cal. 348, 355 [181 P. 780]: "Under subdivisions 1 it is the nature of the cause of action against a nonresident defendant rather than the fact of his residence that controls. . . . Subdivisions 1 do not mention the subject of the residence of the defendant. It is only in subdivisions 2 and 3 that the requirement appears. . . . It is only when a cause of action does not come within subdivision 1 of section 537 that advantage may be taken of the more liberal requirements of subdivisions 2 and 3. These apply only to nonresidents and in every instance the fact of nonresidence must be averred. Where the cause of action comes under subdivisions 1 . . . the residence of the defendant is immaterial."

This language must be considered in the context of the facts. The defendant was a Nevada corporation organized by the directors of a California corporation which they had allowed to become defunct in order to avoid paying plaintiff rent under a lease of his property to the California corporation. Under these circumstances, the court regarded the defendant as a continuation of the defunct corporation, and held it liable for the debts of the latter. The affidavit of attachment had been drawn pursuant to subdivision 1 of section 537. Defendant objected to the sufficiency of the affidavit on the ground it did not allege that defendant was a nonresident.

The court stated (p. 355): "The question thus presented is whether, within the meaning of sections 537 and 538 of the Code of Civil Procedure, in every case of a nonresident defendant, the fact of nonresidence must be averred in the affidavit on attachment." The court answered the question in the negative, and in so doing expressed itself in the language quoted above.

Thus, the *Stanford Hotel* case does not authorize us to adopt appellant's construction of section 537, and we hold that appellant's property was subject to attachment under this statute even though security was given for payment of the $500,000.

This brings us to consider appellant's second contention, namely, that section 537 is unconstitutional in that it denies a nonresident the equal protection of the laws.

*Equal protection.* Admittedly, section 537 classifies residents and non-residents differently in that the property of the former may be attached only if the contract sued upon is unsecured, whereas the property of the latter may be attached whether or not the contract is secured. Appellant contends this distinction denies equal protection of the laws to a nonresident.[3]

The equal protection clause does not prohibit legislative classification and imposition of statutory restraints on one class which are not imposed on another. The classification is constitutionally infirm only if it bears no rational relationship to the achievement of a legitimate objective. State legislatures are presumed to have acted within their constitutional powers despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside as a denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it. *McDonald* v. *Bd. of Election Com. of Chicago* (1969) 394 U.S. 802, 808-809 [22 L.Ed.2d 739, 745-746, 89 S.Ct. 1404]; *McGowan* v. *Maryland* (1961) 366 U.S. 420, 425-426 [6 L.Ed.2d 393, 398-399, 81 S.Ct. 1101]; *Metropolitan Casualty Ins. Co.* v. *Brownell* (1935) 294 U.S. 580, 583-584 [79 L.Ed. 1070, 1072-1073, 55 S.Ct. 538].

The basic purpose of the remedy of attachment, embodied in section 537, is to aid in the collection of a money demand by seizure of property in advance of trial and judgment, as security for eventual satisfaction of the judgment. *Lehnhardt* v. *Jennings* (1897) 119 Cal. 192, 195 [48 P. 56,

---

[3]As appellant points out, a corporation is a "person" within the meaning of the Fourteenth Amendment, and hence is entitled to equal protection of the laws. *Grosjean* v. *American Press Co.* (1936) 297 U.S. 233, 244 [80 L.Ed. 660, 666, 56 S.Ct. 444]; *Johnson* v. *Goodyear Mining Co.* (1889) 127 Cal. 4, 8 [59 P. 304].

51 P. 195]; *Schneider* v. *Zoeller* (1959) 175 Cal.App.2d 354, 358 [346 P.2d 515]; *Halstead* v. *Halstead* (1946) 72 Cal.App.2d 832, 836 [165 P.2d 513]. ▆▆ In the case of nonresident defendants, it has been said that attachment has the additional function of obtaining jurisdiction quasi in rem, thereby giving the court power to render a personal judgment which may be satisfied out of the property attached.[4] *Brown* v. *Campbell* (1893) 100 Cal. 635, 641 [35 P. 433]; *Hanson* v. *Graham* (1890) 82 Cal. 631, 634 [23 P. 56]; *Anderson* v. *Goff* (1887) 72 Cal. 65, 71-72 [13 P. 73]; *Root* v. *Superior Court* (1962) 209 Cal.App.2d 242, 246 [25 Cal.Rptr. 784]; 2 Witkin, California Procedure (2d ed. 1970) Provisional Remedies, page 1548, section 118. Permitting attachment of the property of a nonresident, whether or not the debt is secured, thus bears a rational relationship to at least one objective of section 537. It follows that the statute does not deny equal protection of the laws to a nonresident.

A further basis for the distinction may be noted. Thus, a resident judgment debtor, through supplemental proceedings (Code Civ. Proc., § 714 et seq.), is subject to interrogation for the purpose of discovering his assets available to satisfy a judgment. A nonresident judgment debtor may not be so subject, inasmuch as the enforcement of supplemental proceedings afforded by contempt procedures (Code Civ. Proc., §§ 714, 721) is unlikely to be effective. (Code Civ. Proc., §§ 1015, 1016; *Kroneberger* v. *Superior Court* (1961) 196 Cal.App.2d 206 [16 Cal.Rptr. 339].) The difficulties of satisfying the judgment debt of a nonresident debtor, as distinguished from a resident debtor, thus create further ground for the distinction between remedies available to secured creditors of resident or nonresident debtors.

Appellant's brief cites *Shapiro* v. *Thompson* (1969) 394 U.S. 618 [22 L.Ed.2d 600, 89 S.Ct. 1322], as representative of a "handful of cases [which] have considered and invalidated statutory distinctions based strictly on residency." In *Shapiro* the court considered, and upheld, the contention of *residents* that they were denied equal protection by a statute which provided that a person was not eligible to receive welfare benefits unless he had resided in the state for one year. Thus, the issue was not whether a state constitutionally may deny welfare benefits to a nonresident, but

---

[4]On oral presentation, appellant argued that the new, so-called "long-arm statute" (Jurisdiction and Service of Process, Code Civ. Proc., § 410.10 et seq.) does away with this function of an attachment. We are inclined to disagree, but need not so hold. Thus, this appeal is from an order made April 3, 1970. The long-arm statute did not become effective until July 1, 1970 (see: Stats. 1969, ch. 1610, § 30). In personam jurisdiction over appellant already had been obtained under existing statutes; service of process on appellant under methods prescribed by the new statutes would have added nothing to the trial court's authority.

whether it may condition receipt of benefits upon the length of an applicant's residency.[5]

As to attachment, the United States Supreme Court has stated that "there is such a difference between the residents of a state or territory and non-residents as to justify their being placed into distinct classes for the purpose of the process of attachment. . . ." *Central Loan & Trust Co.* v. *Campbell Commission Co.* (1899) 173 U.S. 84, 98 [43 L.Ed. 623, 628, 19 S.Ct. 346].[6] See also: *Hammond Packing Co.* v. *Arkansas* (1909) 212 U.S. 322, 349 [53 L.Ed. 530, 544, 29 S.Ct. 370].

*Due Process.* In its brief, appellant cites the due process clauses of the Fourteenth Amendment and the California Constitution (art. I, § 13). However, no argument thereon was made nor was one intended for, at the time of oral argument, appellant's counsel noted that the reference in his brief was subject to misinterpretation and specifically stated appellant did not urge any lack of due process as a ground for reversal.

The order is affirmed.

Jefferson, Acting, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1971.

---

[5]Apparently, appellant also contends that in considering the constitutionality of section 537, we must apply the "compelling state interest" test employed in *Shapiro*. This contention is without merit. The interest here at stake is a property right. It does not reach the stature of the constitutionally guaranteed right of interstate travel which the *Shapiro* court held may not be abridged by a state statute unless that statute promotes a "compelling state interest." 394 U.S. at pages 634, 638 [22 L.Ed.2d at pages 614-615, 617].

[6]In the *Central Loan* case it was held that a statute which permitted attachment in an action against a nonresident without the posting of a bond, while requiring a bond on attachment in an action against a resident, did not deny equal protection of the laws to the nonresident. 173 U.S. at pages 97-99 [43 L.Ed. at pages 627-628].