**FINANCIAL SERVICES, INC.,**
**Plaintiff,**

v.

**Thomas E. FARRANDINA, Individually**
**and as United States Marshal for the**
**Southern District of New York, Defend-**
**ant.**

**No. 72 Civ. 3862.**

United States District Court,
S. D. New York.

Oct. 6, 1972.

———◆———

Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiff; William A. Fenwick, Alan A. Sachs, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., for S.D.N.Y., for defendant; Gerald Rosenberg, Asst. U. S. Atty., of counsel.

1

Williamson & Schoeman, New York City, for defendant-intervenor CT/East; Michael E. Schoeman, of counsel.

## MEMORANDUM

TENNEY, District Judge.

In the within action plaintiff Financial Services, Inc. ("FSI") moves for a preliminary injunction pursuant to Fed. R.Civ.P. 65(a) to prevent the defendant United States Marshal from executing an order of attachment issued by this court on April 19, 1972, in a separate action, CT/East, Inc. v. Financial Services, Inc., 71 Civ. 4027 (filed Sept. 10, 1971) pursuant to Fed.R.Civ.P. 64[1] and Article 62 of N.Y.C.P.L.R. (McKinney 1963). The order of attachment was sought by CT/East upon an *ex parte* petition and allegedly was issued without notice to plaintiff or a prior opportunity to be heard. The sole ground for the writ was plaintiff's status as a foreign corporation, having its principal place of business in New Jersey.

The complaint alleges: (1) a violation of the due process clauses of the fifth and fourteenth amendments (*i. e.*, a taking of plaintiff's property without notice or an opportunity to be heard prior to the seizure), and (2) a violation of the equal protection clause of the fourteenth amendment (in that the sole basis for obtaining the order was plaintiff's citizenship in another state). Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1332 and 1343(3) and (4) (1970); 42 U.S.C. §§ 1983 and 1985(3) (1970); and the fifth and fourteenth amendments to the United States Constitution.

Upon oral argument, this Court was advised by the Assistant United States Attorney that the Government would not oppose plaintiff's motion, that party having concluded that Article 62, N.Y. C.P.L.R. and Fed.R.Civ.P. 64, insofar as

Rule 64 incorporates New York's *ex parte* attachment statute, was rendered unconstitutional by the Supreme Court's recent decision in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (decided June 12, 1972). CT/East, however, the plaintiff in the prior action in which the order of attachment was obtained, appeared in opposition and moved to intervene as the real party in interest, which motion was granted by this Court.

At this point it is necessary to delve into the extensive procedural background of this particular attachment. On April 18, 1972, CT/East moved *ex parte* before Hon. Edward C. McLean for an order of attachment against FSI on the ground that FSI was a foreign corporation and that an attachment should be ordered to protect the security of CT/East, since FSI was in a precarious financial position. On April 19, 1972, Judge McLean signed the order which directed the United States Marshal to levy upon FSI's property in the amount of $599,468.03, conditioned upon the posting by CT/East of a $60,000 bond. On that same day, immediately after obtaining a copy of the signed order, counsel for CT/East caused to be delivered by hand a copy of the order together with a request for posting by FSI of an undertaking in the amount of the order within seven days. This notice of the order was delivered to FSI's attorneys prior to delivery of the order to the Marshal for service of the writ.

On April 24, 1972, still prior to delivery of the order to the Marshal, counsel for FSI sought from Judge McLean a temporary restraining order enjoining CT/East from serving or in any way enforcing the order. That same day counsel for both parties argued the merits of the application before Judge McLean. At the close of the hearing,

---

[1]. Briefly, Rule 64 provides that attachment in federal suits is "available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . ."

Judge McLean denied FSI's motion for a temporary restraining order but set the motion down for a further hearing on May 2, 1972, in the motion part of this court. At the time of Judge McLean's ruling on April 24, there still had been no delivery of the order of attachment to the Marshal.

Between April 24 and May 2, in order to test counsel for FSI's assertion that FSI's business would be crippled if a writ of attachment were served on any of its customers, counsel for CT/East filed an undertaking with the Clerk of the Court for $60,000 and caused a copy of the order of attachment to be delivered to the Marshal for service upon one of the 146 New York customers of FSI.

On May 2, 1972, FSI's motion to vacate the attachment pursuant to N.Y.C. P.L.R. § 6223 (McKinney 1963) was heard by Hon. Morris E. Lasker. At that time, counsel for CT/East claims that FSI argued, *inter alia*, the attachment violated due process because the defendant allegedly was not provided with notice or a hearing. (Intervenor's Memo. in Opp. at 8–9.) Counsel for FSI, on the other hand, claims that his oral argument on this point was interrupted by Judge Lasker who noted that if the constitutionality of the statute was being raised, it would considerably delay disposition of the motion and possibly require convening a three-judge court. (Fenwick Suppl. Affid. ¶ 3.) In view of the possible delay, counsel for FSI informed the court that he would "raise the constitutional question in the proper forum where the United States Marshal was a party." (*Id.*) In a memorandum dated May 8, 1972, Judge Lasker denied both the motion to vacate and the motion for a preliminary injunction, but, in light of FSI's claim that the order of attachment would seriously disrupt its business, increased CT/East's undertaking from $60,000 to $250,000. FSI did not seek to reargue this motion within the 10 days required by Local Rule 9(m).

Only after Judge Lasker's decision did CT/East file an additional bond of $190,000 and direct the Marshal to serve the writ on 11 additional customers of FSI. To date, there has been no other service of the writ of attachment.

Subsequently, FSI made a second motion to vacate the attachment based on the alleged violation of due process which was returnable before Hon. Marvin E. Frankel on July 25, 1972. Judge Frankel denied FSI's motion to vacate on the ground that there had been no supervening facts which would justify the subsequent motion to vacate:

> "It is clear that all the facts giving rise to the question were present when the motion for the same relief now sought was before Judge Lasker. Taking the movant's version, the question [of federal due process] was at least alluded to in its papers. It was visible enough, says movant's counsel, so that Judge Lasker made specific inquiry about it. In response, counsel says, he expressed a preference to postpone the due process contention for some other day.

> "Now, scant weeks later, counsel wheels up the postponed question as grounds for repeating the motion to vacate. The court will not permit this course of procedure. Busy as we are, and busy as are the members of our bar, neither the judges nor adversary counsel should be subjected to this mode of instalment-plan labor. New facts might, of course, make an acceptable difference. But not added arguments on the same facts, 'postponed' or saved up for another day and another judge." (Judge Frankel's Memo. Op. dated Aug. 1, 1972, at 2–3.)

Likewise, FSI failed to seek reargument on this second motion to vacate.

**4**

██ The present action, which is in effect a third motion to vacate, was filed on September 11, 1972, and was brought not against CT/East, but against the United States Marshal to restrain his enforcement of the order of attachment, notwithstanding the two prior decisions of this court upholding the attachment order. FSI cannot avoid the effect of Judge Frankel's and Judge Lasker's decisions by initiating yet another "instalment" in the form of a purportedly separate suit against the Marshal. The issues involved are identical and the mere substitution of a nominal defendant for the real party in interest does not permit relitigation. Moreover, FSI cannot rely on the fact that the Marshal was not a party to the first two motions to vacate in order to justify bringing a separate suit. N.Y.C.P.L.R. § 6223 (McKinney 1963), incorporated by Fed. R.Civ.P. 64, requires a motion to vacate to be made "on notice to each party and the sheriff." The purpose of the statute is to make sure that when an order is challenged, all interested persons are brought before the court so that the matter can be finally and conclusively determined. Thus, the Marshal should not be deemed a stranger to the decisions upholding the order. And if FSI did not serve the Marshal in accordance with § 6223, it should not now be permitted to take advantage of its own non-compliance with the law to claim that as between it and the Marshal the question has never been litigated. The Marshal is in a sense the agent of the attaching creditor; it is elementary that a claimant having lost as against the principal on two separate occasions should not be heard in a new suit against the agent for acts within the scope of his authority. *Cf.* de Bearn v. Safe Deposit & Trust Co., 233 U.S. 24, 32, 34 S.Ct. 584, 58 L.Ed. 833 (1914).

Nor can FSI claim that the due process argument was not presented on the prior motions. Before Judge Lasker, in both its brief and on oral argument, FSI raised the issue of what it called "the questionable constitutional nature of an Ex Parte order of attachment obtained without notice or a hearing." (FSI Memo. dated 4/24/72, at 21.) And again, before Judge Frankel, FSI argued that the order violated its due process rights. Even were this not so, this Court is hard pressed to understand how FSI can argue that its due process rights were violated when it received notice from CT/East that the order of attachment had been signed and in fact brought on a motion for a temporary restraining order at which time its objections to the attachment were considered by Judge McLean—*all before the order of attachment had been delivered to the Marshal for execution on any property of FSI.*

██ With respect to FSI's equal protection claim, this is a matter which certainly could have and should have been raised on the earlier motions. Even were this Court not constrained to hold that collateral estoppel applies as to this issue, the distinction between residents and non-residents, which FSI challenges, has repeatedly been held reasonable for attachment purposes. Central Loan & Trust Co. v. Campbell Commission Co., 173 U.S. 84, 97–98, 19 S.Ct. 346, 43 L.Ed. 623 (1899); Property Research Financial Corp. v. Superior Court, 23 Cal.App.3d 413, 100 Cal.Rptr. 233 (1972); National General Corp. v. Dutch Inns of America, Inc., 15 Cal. App.3d 490, 93 Cal.Rptr. 343 (1971).

Therefore, and for the foregoing reasons, plaintiff FSI's motion for a preliminary injunction pursuant to Fed.R. Civ.P. 65(a) is in all respects denied.

So ordered.